CLAPP & *al. versus* GLIDDEN & *als.*

*Lien* claims to be effectual against a purchaser must be perfected by attachment and judgment.

The mortgagee's title to personal property, in sixty days after the condition is broken, becomes absolute by operation of law.

In trover, the action may be defeated by showing, that plaintiff had no title at the commencement of his suit.

Clapp *v.* Glidden.

On Report from *Nisi Prius*, Cutting, J., presiding. Trover, for a vessel called the "Kingsbury." This action was commenced in Jan. 1852. The demand was made the latter part of December previous.

The plaintiffs claimed title by a mortgage of the hull, made by Willard Clapp to them in Nov. 1848, and recorded in the town of Newcastle.

This mortgage was subject to a previous one for $200, to one Maddocks & Baker, for having signed as sureties for Willard Clapp, and was duly recorded.

Maddocks & Baker paid about $78, as sureties, which had never been cancelled; and in May, 1853, they assigned their mortgage to defendants for a valuable consideration.

Willard Clapp undertook to build this vessel, but was unable to complete her, and sold her in the spring of 1849, to John Glidden, one of defendants, he agreeing to pay all the lien claims. But no such claims were secured by attachment.

The evidence showed, that he had paid more of such claims than he agreed to pay for the vessel.

The vessel was in the possession of defendants, and they sent her to sea in July, 1849, and in the winter following sold her. On a voyage to California she was soon after lost.

When the evidence was out, it was agreed, that an auditor should report the amount of claims paid by defendant, called lien claims, and making his report a part of the case, the Court were authorized upon the evidence admissible to render a judgment according to law.

*Ingalls*, for defendants, cited *Sheldon* v. *Soper*, 14 Johns. 352; 3 Stark. Ev. 1503; *Kennedy* v. *Strong*, 14 Johns. 128; *Grubb* v. *Guilford*, 4 Watts, 24; Saund. Plead., 2, 1166; 2 Greenl. Ev. § 648.

*Hubbard*, for plaintiffs.

Shepley, C. J. — The action is trover for a vessel called the Kingsbury. During the year 1848, Willard Clapp undertook to build her, and soon became embarrassed and unable

to complete her or to pay the workmen, who had liens upon her. He appears to have sold her to John Glidden during the following winter or spring, who was to pay all the lien claims upon her; and who appears to have paid on account of them more than he had agreed to pay for the vessel. Those claims were never made perfect by any attachment or judgment; and the defendants are not by law entitled to interpose them to defeat any title, which the plaintiffs may have acquired.

In proof of their title the plaintiffs introduced a mortgage of the hull of the vessel, made to them by Willard Clapp, on Nov. 5, 1848, and recorded in the records of the town of Newcastle on Dec. 4, 1848. It was made subject to a prior mortgage "now on said vessel for about two hundred dollars," which appears to have been made by Willard Clapp to John Maddocks and John P. Baker, on October 28, 1848, and recorded in the records of the same town, on Nov. 2, 1848, to indemnify them for having signed as sureties for Willard Clapp a note for $200, bearing date on March 10, 1847, payable to Nathaniel Bryant in four months from date. From the testimony of Maddocks and Baker it appears, that on June 12, 1849, they paid upon that note about $78, which has never been repaid to them. Whatever title they had acquired to that vessel was transferred to the defendants on May 18, 1853.

Any title, which the plaintiffs, as mortgagees, or the defendants, as purchasers from Willard Clapp, had to that vessel, became extinguished, by operation of law, in sixty days after Maddocks and Baker had been compelled to pay part of the note of Bryant.

This suit was commenced on January 12, 1852, and it is insisted, that the defendants cannot be permitted to set up a title in themselves, acquired since that time, to defeat the action. Admitting this position to be correct, the question will remain, whether the plaintiffs, when their suit was commenced, had any legal title to the vessel; for if they had not, the action cannot be maintained.

The cases cited in argument for the defendants, establish the position, that the defendant in an action of trover may prove, that the title to the property claimed was, when the suit was commenced, in a third person, and thus defeat the action. If he could not, he might subsequently be compelled to pay for the same property again to such third person, he being a stranger to the first suit.

The extreme negligence exhibited by Maddocks and Baker, by the plaintiffs, and by the defendants, to secure and enforce their rights, until after the vessel was lost at sea, may not be productive of so great mischief as might have been anticipated. *Plaintiffs nonsuit.*

