## Maurice Hickey v. William Baird.

A contract by which plaintiff undertakes to find property upon which defendant can levy to satisfy a judgment held by him, in consideration of one-third the amount collected on the judgment, is not a transfer to the plaintiff of any present interest in the judgment, and does not give him the control of its collection. The defendant is still at liberty to collect or discharge the judgment, provided he do so before anything has been done by the plaintiff under the contract.

The plaintiff, in pursuance of the contract, pointed out property to be levied upon, and the same was levied upon accordingly. Subsequently defendant discharged the judgment on receiving a conveyance of certain lands, which were of no value. Plaintiff then sued, claiming to recover one-third the amount of the judgment.—*Held*, that he was entitled to recover only one-third of what the property levied upon was shown to be worth.

There was no proof of the value 'of the property levied upon, and judgment was given for defendant. Plaintiff brought error, claiming to have been entitled to recover at least nominal damages.—*Held*, that as under the statute nominal damages would not carry costs, such damages should not be awarded.

*Heard October* 10th. *Decided November* 14th.

Error to Wayne Circuit.

Plaintiff declared against defendant, that the latter, being desirous to collect a judgment of $780 against Shad-

rach and Thomas Gillett, promised plaintiff that if he would undertake to search out property belonging to the Gilletts, upon which a levy could be made, and out of which the whole or any part of the judgment could be collected, he, the defendant, would pay plaintiff one-third the amount so collected, or if in any other manner plaintiff could secure the collection of said judgment, or any part thereof, defendant would pay him one-third the amount so secured; but if nothing should be collected, the plaintiff should receive nothing for his services; that plaintiff accepted the proposition, and did discover a large amount of property belonging to the Gilletts, upon which defendant, by his direction, caused execution to be levied, but before sale made thereof, defendant settled with the Gillets, and received a quantity of lands in satisfaction of the judgment; that the settlement and payment were brought about by means of said levy; by reason whereof plaintiff claimed to recover one-third the amount of the judgment.

On the trial, plaintiff called J. E. Bigelow, who testified that he was an attorney and counsellor at law; that once at his office he heard the defendant speak of certain claims he owned, in the presence of plaintiff. Defendant said he had a judgment against Gillett & Son, which he never expected to collect. Plaintiff said he could find property on which a levy could be made. Defendant then said to him, if you and Bigelow will take hold of this matter, I will give each of you one-third of what shall be collected. Witness said he could not make such an arrangement, for it would be champerty; but that Hickey might. Plaintiff then accepted defendant's proposition to hunt up property and take one-third of whatever was] collected, and witness made another arrangement with defendant for his pay. Witness got out an execution on the judgment, and by Hickey's direction it was levied on certain fishing tackle, fish boats, ice house and ice. Hickey and Baird and the sheriff were out and in deponent's office for several

days, till the matter was arranged. After the levy, the defendant, after some negotiation, took from Gilletts, under the advice of witness, forty acres of land and an undivided one-fourth of three hundred and sixty acres, in satisfaction of the judgment. Hickey was not present at this time. Witness has since heard plaintiff dun defendant for his pay; he offered to take the forty acres for his claim, or take the other and pay the bill of witness. Defendant would give only one-third of the undivided interest in the 360. One-third the amount of the judgment is $270.

The plaintiff here admitted that the land so deeded to Baird was of no value whatever.

For the defendant, Lawrence McHugh testified that he had talked with Hickey, who came to his place frequently, inquiring for Baird. He said he was looking up some property which he and Bigelow and Baird were to share alike in whatever was obtained. He told witness that Baird took some land from Gillett by Bigelow's advice, and that he, Hickey, wanted to get his pay now. Witness asked him if Baird did not do as he agreed, and he said yes, but that he could not take land; he wanted the money, as he was going to Pike's Peak. After this suit was commenced witness asked Hickey what the trouble was; whether Baird did not do as he agreed; he replied, yes. Witness then asked him how he was going to get his money then, and he replied that Bigelow was going to be a witness for him, and he for Bigelow.

The Circuit Judge charged the jury:

*First:* That the contract sued on in this cause belonged to a class to be looked upon with little favor; that the court had had some doubt whether to charge the jury that the contract was void for champerty or maintenance, but on reflection he charged them that the contract as set out in the declaration was not void for champerty or maintenance. Nevertheless, if the jury find from the testimony, that the plaintiff was to pay his share of the

expenses, and was to receive only one-third of the net proceeds of the collection, that then the contract would be void.

*Second:* That there was no proof in the case on which the jury could estimate the plaintiff's damages; there being no evidence of the value of the goods levied on, and the land being admitted to be worthless.

*Third:* That under the contract between the parties, it was necessary for the plaintiff to demand one-third of the land received, before action could be brought.

The jury under this charge found a verdict for defendant.

*J. E. Bigelow*, for plaintiff in error.

*Walker & Russell*, for defendant in error.

CHRISTIANCY J.:

If it were necessary to determine upon the correctness of the first and third points in the charge to the jury, we should probably be compelled to reverse the judgment; as we have failed to discover anything in the nature of the contract set forth in the declaration, or proved by the evidence, to render it objectionable on the ground of champerty, even though it might have been agreed, as intimated in the first point of the charge, that the plaintiff should pay his share of the expenses; upon which latter point, however, there appears to have been no evidence.

Nor do we see anything to justify the intimation of the court to the jury, that this contract was to be looked upon with less favor than any other contract. The law can not treat as immoral, or opposed to its just policy, any such reasonable effort to find property of an unwilling debtor to satisfy a debt which has been found due by the solemn adjudication of a competent court.

Nor are we satisfied that there was anything in the case to warrant the instruction contained in the third

point, "that under the contract between the parties it was necessary for the plaintiff to demand one-third of the land before action could be brought." Such, we think, was not the character of the contract declared upon, nor of that proved by the evidence of Mr. Bigelow, unless the land had been shown to have been received with the concurrence of the plaintiff. But the testimony of McHugh might have some tendency to show that the contract was of the character indicated by the charge, and that the land had been received with the plaintiff's consent. In this view it was a fair question for the jury to find from the evidence what was the true character of the contract, and whether the lands were received with the assent of the plaintiff; but we do not see how the court could assume to decide these disputed questions of fact as matter of law.

But however erroneous may have been the charge upon the points already noticed, the judgment can not be reversed if the judge was right in the second point of his charge: because, if there was no proof in the case on which the jury could estimate the plaintiff's damages, then the plaintiff would not have been entitled to a verdict under any charge which the court could have rightfully given, and, therefore, the plaintiff could not have been injured by the errors complained of.

The correctness of this point in the charge must depend upon the nature of the rights and obligations created by the contract.

Taking the contract as shown by the testimony of Mr. Bigelow (which is the most favorable view of it for the plaintiff), we do not think it can be treated as a present transfer of any interest in the judgment to the plaintiff, nor as surrendering to him the control of its collection. The plaintiff still retained his own attorney in connection with the claim, and was, we think, still at liberty to receive or collect the whole amount from the Gilletts, or to for-

give the debt or discharge the judgment, provided he did so before any thing had been done under the contract by the plaintiff. But if he did so after the plaintiff had entered upon performance, by searching for property, and before he had succeeded in finding any, the plaintiff would be entitled to a reasonable compensation for his services. After the plaintiff had succeeded in finding property liable to levy, or at least after notice to the defendant or his agent, that such property had been found, the defendant would have no right to discharge the judgment without paying the plaintiff one-third the amount of it, if the property found was sufficient to satisfy the whole; or if the value of the property were less than the judgment, then one-third the value of the property so found; and such payment must have been made to the plaintiff in cash, though the defendant had seen fit to take property instead of money, unless such property was received by consent of the plaintiff. Such, we think, is the fair construction of the contract testified to by the plaintiff's own witness.

But the plaintiff insists that after he had found *any* property, and a levy was made upon it, the defendant had no right to release the judgment without paying him one-third of the whole judgment, and this without reference to the value of the property found by plaintiff, or to the amount which defendant received as the consideration for discharging the judgment. If this be so, then the same consequence would have followed if the plaintiff had only succeeded in finding property to the value of one dollar, as if he had found an amount equal to the judgment. Nor is this all; for it would also follow that, after the plaintiff should have found a single dollar's worth of property, the defendant could not have received the amount of the judgment from the judgment debtor, though tendered in cash, and given a release, without rendering himself liable to pay the plaintiff one-third of the whole amount of the judgment. We can not suppose this to have been the intent

of the parties; and we can see nothing in the contract proved, when taken in connection with the subject matter, to warrant such a construction.

Under the construction of the contract which we have adopted, based upon the testimony most favorable to the plaintiff, he would have been entitled to recover in this action one-third of what the property found and levied upon should be shown to be worth. The testimony of McHugh might have some tendency to show that the plaintiff was only entitled to one-third of the land received by the defendant.

But there was no evidence which could entitle the plaintiff to a verdict under either aspect of the case; the value of the property found and levied upon was not shown, and the land received by the defendant in satisfaction was admitted by the plaintiff to be of no value whatever.

If this had been a case in which the recovery of nominal damages would have entitled the plaintiff to costs, then, upon the hypothesis that a breach of the contract was sufficiently shown, he would have been entitled to nominal damages. But in actions of this particular character, nominal damages are only given for the purpose of carrying costs, and under our statute (*Comp. L. Chap.* 174), such damages would not entitle the plaintiff to costs, and therefore should not be given.

The second point of the charge was therefore entirely correct, and no charge which the court could properly have given would have entitled the plaintiff to a verdict.

The judgment must therefore be affirmed.

The other Justices concurred.