HARRY J. HAVEN v. BEIDLER MANUFACTURING COMPANY.

*Nominal damages—Removal of property by one who has equitable title—Evidence as to contract without plea puis darrein.*

Where the plaintiff introduces a contract as a necessary part of his
     case, the defendant can show when and how it was performed,

even though performance had not been pleaded *puis darrein continuance.*

Proceedings in chancery resulting in a decree for specific performance can be shown in an action at law to meet evidence of a contract.

When timbered land is subject to a contract of sale which provides that no trees shall be cut until full payment is made, the equitable right to the timber is nevertheless in the purchaser and becomes a legal right when he has made or tendered full performance, even if he or some other person has wrongfully cut the timber meanwhile.

Only nominal damages lie on a merely technical right of action.

A case will not be remanded where the only error is the failure to award nominal damages, and where a judgment for such damages would not carry costs.

Trover will not lie for logs wrongfully cut and sold by a purchaser of land before he had made full payment, if he makes or tenders payment before suit is brought.

Error to Kent. Submitted Jan. 15. Decided Jan. 28.

Trover. Plaintiff brings error. The facts are stated.

*Waddell & Montague* and *H. H. Harmon* for plaintiff in error. Defendant in trover must show that plaintiff has no right to the property. *Stephenson v. Little,* 10 Mich., 439. A contract of sale, silent as to possession, is no evidence of title or right of possession, *Buell v. Irwin,* 24 Mich., 145; *Druse v. Wheeler,* 22 Mich., 439: 26 Mich., 189; *Burnett, v. Caldwell,* 9 Wall., 290; *Suffern v. Townsend,* 9 Johns., 35; *Eggleston v. N. Y. C. & H. R. R. R. Co.,* 35 Barb., 162; *Cooper v. Stower,* 9 Johns., 331; *Ives v. Ives,* 13 Johns., 235; *Kellogg v. Kellogg,* 6 Barb., 116; *Moyer v. Scott,* 30 Mich., 346; *Watt v. Rogers,* 2 Abbott, 261; *Ryder v. Flanders,* 30 Mich., 336; *Hayes v. Livingston,* 34 Mich., 384. Facts that arise after issue joined and are not brought in by plea or notice are inadmissible, *Gibson v. Choteau,* 13 Wall., 103; *Maguire v. Vice,* 20 Mo., 431; *Estrada v. Murphy,* 19 Cal., 272.

*Blair, Kingsley & Kleinhans* for defendant in error. An equitable title to timber is a defense to an action for

damages for wrongfully removing it. *Burgett v. Bissell*, 14 Barb., 638.

COOLEY, J. This is an action of trover to recover the value of certain logs. The logs were cut on lands formerly owned by one Parmenter, and sold by him to Stickney and Stone by executory contract bearing date October 20, 1873. By this contract Stickney and Stone were to pay $3,400 in certain specified instalments, the last of which was to be paid in three years from the date of the contract. They were also to pay the taxes, and not to cut or remove any timber from the lands until all payments were made. October 24, 1874, Parmenter conveyed the land to plaintiff, subject to the Stickney and Stone contract. The logs in controversy were cut on these lands by Stickney and Stone before full payment had been made on their contract, and were delivered to the defendant. A part were cut before and a part after the conveyance by Parmenter to plaintiff. Plaintiff demanded the logs of defendant, and after refusal to deliver, brought this suit.

It was shown in defense, under objection of the plaintiff that the evidence was not competent under the pleadings, that in January, 1875, Haven brought ejectment for the lands against Stickney and Stone, whereupon they tendered to him the full amount owing on the contract, which he refused to receive; that Stickney and Stone then filed their bill against him for specific performance of the contract, and obtained a decree as prayed, which, with some modification, was affirmed by this court, October 26, 1876 [*Stickney v. Parmenter*, 35 Mich., 237]. In that suit the fact of the cutting of the timber was one of the subjects of controversy, the present plaintiff claiming that Stickney and Stone had forfeited all rights under the contract by the unauthorized cutting, while they relied upon evidence tending to show Parmenter's assent.

It is insisted that the proceedings in chancery were

not admissible in evidence, because not pleaded *puis dar-rein*. But the contract was brought into the case by the plaintiff himself as a necessary part of his own case, and it then became entirely competent for defendant to show when and how it had been performed. And in our opinion it is very clear that when performance was made, this plaintiff had no further interest in the logs.

The plaintiff's case is purely technical. *First*, he claims that admitting that performance of the contract entitled Stickney and Stone to the land, yet the logs, having been cut before, had become personal property, and would not pass with the land at that time. Neither could they pass under the doctrine of relation; for if Stickney and Stone's title should be held to relate back to the time of the date of the contract, the fiction of law could not restore the logs to their original condition as a part of the realty. And *second*, he claims that the plaintiff having had a good right of action at the time he brought suit, it could not be taken from him by the subsequent performance of the contract.

We attach no importance to the doctrine of relation in this case. When this land was contracted to Stickney and Stone, the trees were a part of it, and anything done by any one in respect to these trees must have been subject to their rights. This plaintiff had no right whatever to take off a single tree; and had he cut these logs, the right to them would have passed to the purchasers on the contract being performed. The equitable right to them was in the purchasers all the while; and this equitable right became a legal right when they made or tendered full performance. And if this would have been the case when the logs were cut by plaintiff, it cannot be any less so when they were cut by the parties who were the purchasers.

It is unnecessary to consider whether plaintiff would or would not have had a technical right of action when his suit was commenced. If he had such a right, he could recover nothing more than nominal damages; and

we cannot remand a case where the sole error is the failure to award these, and where as in this case a judgment for them would not have carried costs. *Hickey v. Baird,* 9 Mich., 32. But it is difficult to understand how trover could have been maintained under the circumstances as they existed when suit was brought, even if some other form of action might have been.

The judgment must be affirmed, with costs.

The other Justices concurred.