CHARLES N. SMITH v. MARTIN A. RYERSON ET AL.

*Trover—Title to maintain—Evidence—Recitations in deed.*

The grantee in a quitclaim deed, which recites that a contract for the sale to him of the land, subject to which the deed is executed, has been by him assigned, and has not been formally re-assigned at the date of the deed, and that the deed does not pretend to convey any title as against the assignee, is *prima facie* bound by the recitation, and cannot, in the absence of any explanation, maintain trover for timber cut from the land by strangers to the title.

Error to Newaygo.   (Palmer, J.)    Argued October 31, 1893.   Decided February 6, 1894.

Trover.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*W. D. Leonardson,* for appellant.

*Smith, Nims, Hoyt & Erwin,* for defendant.

MONTGOMERY, J.   Plaintiff brought suit in trover to recover for the conversion of timber cut from . land ' of which he . claims to have been at the time the equitable owner and entitled to possession.    At the trial he offered testimony tending to show that one William T. Powers, of Grand Rapids, contracted to sell the land in question to plaintiff, and by the contract gave to plaintiff the right to enter upon, occupy, and lumber on the lands so long as he should keep the conditions of the contract.    He also offered testimony tending to show that the contract was fully paid up by him within three years from its date, and prior to the trespass sued for.    It appears that upon the making of the contract, in 1866, plaintiff at once commenced to cut the timber from the land, and during the three succeeding winters cut all merchantable timber, as he then supposed.    He had not since that time, and prior to the alleged trespass by the defendants, occupied the land.    It afterwards transpired that there was a quantity of merchantable timber left, which it is claimed was appropriated by defendants.    The cutting by defendants was in 1882.

The plaintiff undertook to trace title from the government to Powers, but whether successfully or not it is not important to determine upon the record, in the view that we take of the case.    In addition to proof of the execution of the contract and the payment of the purchase price within three years from its date, the plaintiff also intro-

duced a quitclaim deed from William T. Powers, dated April 2, 1887, which contained a recitation as follows:

"The above being subject to land contract dated December 6, 1866, between said William T. Powers and said Smith, and, said contract having been assigned by said Smith, not formally re-assigned to him at this date, is made expressly subject to said contract, and any assignment thereof, and does not pretend to convey any title to said Smith as against any one holding an assignment of said contract."

The plaintiff's counsel states that he does not rely upon this deed. But the defendants' counsel do rely upon it, and insist that this deed is evidence showing that the title depending upon the land contract had passed out of plaintiff, and, as there is no evidence that the right ever revested in him, it follows that he cannot recover on the strength of the title which he held under such deed. No satisfactory answer to this contention has been suggested, and none occurs to us. The plaintiff is at least *prima facie* bound by the recitation of fact in the deed. No explanation has been offered, and, standing uncontroverted, it shows that the rights derived under the contract had been transferred and vested in another. If plaintiff is right in his contention that whenever the contract was fully performed by him the holder of the contract title had such an interest as entitled him to maintain trover (as to which contention see *Haven v. Manufacturing Co.*, 40 Mich. 286, and *Witheral v. Booming Co.*, 68 Id. 51), it follows that the one entitled to sue and recover is another than plaintiff, according to the *prima facie* evidence afforded by the recitations in the deed, which are nowhere explained in the record.

Judgment affirmed.

The other Justices concurred.