132    63
f153 ²282

## WILCOX v. MORTON.

1. TROVER—RESCISSION OF SALE—CONVERSION—DAMAGES.
   Where, in a trade of lands for a stock of goods, plaintiff fraudulently misrepresented the character of the lands, and defendant seized the stock of goods two days before tendering a reconveyance of the lands, plaintiff was entitled to recover, in an action of trover for the technical conversion, not more than nominal damages.

2. DAMAGES—JUDGMENT—ERROR.
   A judgment for defendant will not be set aside where it appears that plaintiff is entitled to no more than nominal damages, and a judgment in his favor would not carry costs.

Error to Eaton; Smith, J. Submitted December 2, 1902. (Docket No. 131.) Decided December 29, 1902.

Trover by Freeman W. Wilcox against Thomas P. Morton and Amanda Morton. From a judgment for defendants, plaintiff brings error. Affirmed.

*Rollin H. Person*, for appellant.

*Huggett & Dann*, for appellees.

MONTGOMERY, J. Plaintiff traded to defendants land for a hardware stock. Plaintiff fraudulently misrepre-

sented the character of the land. Defendants seized the hardware stock with the purpose of rescinding the trade. The seizure was made on Saturday, and the deeds of the land conveyed were not tendered to plaintiff until the following Monday. Thereafter the plaintiff instituted this action of trover. The defendants recovered, and plaintiff brings error.

Plaintiff's contention is that his right of action was complete when defendants seized the goods on Saturday, and that the subsequent rescission does not bar the action or mitigate damages. If the plaintiff is wrong as to either contention, the verdict ought not to be disturbed, as we have frequently held that a judgment for the defendant will not be set aside where it appears that plaintiff is entitled to no more than nominal damages. *Hickey* v. *Baird*, 9 Mich. 32; *Haven* v. *Manufacturing Co.*, 40 Mich. 286.

We are cited to no case which precisely defines the rights of the parties, but the case can be determined on principle without difficulty. The plaintiff's fraud vitiated the contract at the election of the defendants. That the defendants had, before the present suit was instituted, made their election to rescind, and had done all that was needful to place the plaintiff *in statu quo*, is unquestioned. The question, therefore, is whether the fact that defendants were premature in seizing this property before tendering the deeds of the real estate cut off for all time their right to rescind. To give this effect to the transaction would be to impose a very severe penalty upon premature action, for it is clear that the seizure was no intentional waiver of the right of rescission. It may be true that a right of action accrued to plaintiff, but such right of action was subject to be defeated by the termination of his title before suit brought. *Clapp* v. *Glidden*, 39 Me. 448. The tender of deeds on Monday terminated plaintiff's title.

This case is quite unlike *Dalton* v. *Laudahn*, 27 Mich. 529. In that case defendant seized property of plaintiff under an assumed power, which did not in fact authorize

such seizure at the time. It was held that the fact that he might, at a later time, have had authority to seize the property under the power, and make the same disposition he did in fact make of it, afforded no defense. It was said:

" Dalton had no interest in the property by force of the agreement, nor any right to take it on the 20th. Laudahn was owner, and had full legal right to dispose of the chattels at any time during that day, and make the money to pay the rent."

In the present case, the fraud of plaintiff having been established, it follows that, as between himself and defendants, the plaintiff had no right to dispose of the property in question at any time in such manner as to cut off defendants' right to rescind. The defendants having completed their rescission, the property ceased to be the property of plaintiff, and, if there was a prior technical conversion, the plaintiff was entitled to recover no more than nominal damages, if anything.

The judgment will be affirmed.

The other Justices concurred.