### Albert Crane v. John O'Reiley.

The estate of one in possession of land under a contract of purchase is that of a tenant at will.

A clause in a contract of purchase, that on default by the purchaser the seller might declare the contract void, and the seller should thereafter be deemed a mere tenant at will, and liable to be proceeded against as such, confers no new rights, and is declaratory merely of the actual relation and rights of the parties.

The purchaser may, in such a contract, waive the right to a notice to quit on default.

*Heard May 3d. Decided June 5th.*

Error to Wayne Circuit, into which O'Reily had brought by appeal proceedings commenced against him by Crane, before a Circuit Court Commissioner, under chapter 150 of the Compiled Laws, to recover possession of lands.

The cause was tried in the Circuit Court without a jury, and from the finding of the Circuit Judge, it appears that on April 20, 1855, Crane entered into an agreement with O'Reily, signed by both, to sell to the latter certain premises in Detroit, for $1,350, payable, $50 down, and the balance with interest in nineteen equal quarterly instalments, on the payment of which, with all taxes, Crane was to convey to

CRANE v. O'REILEY.

him the premises. The agreement then provided that "in case default shall be made by the party of the second part, his heirs, executors, administrators or assigns, in any of the conditions above stipulated to be performed by him, it shall and may be lawful for the party of first part, if he see fit, to declare this contract void, and to re-enter upon the said premises at any time after such default, without serving on the party of the second part, or other person holding under him, a notice to quit said land. And in case this contract shall be so declared void, the party of the second part shall be thenceforth deemed a mere tenant at will under the said party of the first part, and be liable to be proceeded against without notice to quit, under the provisions of an act regulating proceedings in cases of forcible entry and detainer, and the acts amending the same. And the party of the first part in such case shall be at liberty to sell the said land to any person or persons whomsoever, without being liable, in law or equity, to the party of the second part or any person claiming under him, for any damages in consequence of such sale, or to return any payments made on account of this contract; and payments that shall have been made may be held by the party of the first part as stipulated damages for the non-performance of this contract. And the party of the first part shall have the right to recover all damages sustained by reason of the holding over of said second party without permission.

"And it is further expressly agreed, that in case default shall be made by the party of the second part in any of the conditions stipulated to be performed by him, and the party of the first part shall see fit to declare this contract void, such declaration may be made by a brief notice thereof, addressed to the party of the second part, and deposited in the post office in the city of Detroit, Michigan, and this shall constitute a good and sufficient notice and service thereof."

On March 31st, 1858, O'Reiley being then in arrears on the contract some $200, Crane, by a notice in writing, declared the same cancelled, and on December 31st following, commenced these proceedings to recover possession of the premises.

The Circuit Court decided that the commissioner had no jurisdiction of a case arising upon such a contract, and rendered judgment for O'Reiley, upon which Crane brought error.

*G. Andrews*, and *S. T. Douglass*, for plaintiff in error:

The relation of landlord and tenant is not essential to this proceeding: — 27 *Miss.* 846; 2 *Swan*, 50; 4 *Rand.* 473; 5 *Ind.* 272. But if this contract be construed as an agreement to give the vendee possession until default, then its legal effect is a demise: — 10 *Cush.* 259; 11 *Mass.* 533; *Brown on Stat. Frauds*, 28, 29. And the defendant would then be liable as one who holds over lands and tenements "after the time for which they are demised or let to him."

The defendant is liable as a tenant at will holding after the determination of his estate. His estate is that of tenant at will: — 7 *Cow.* 751; 1 *Wend.* 422; 1 *M. & W.* 695; *Dwight v. Cutler*, 3 *Mich.* 572; 2 *C. M. & R.* 119. The parties have stipulated that it shall be, and the vendee expressly waives notice to quit: — 19 *Pa. St.* 437; 12 *B. Monr.* 464; 11 *Pa. St.* 472; 1 *Green*, (*N. J.*) 40.

*Ross & McEntee*, for defendant in error:

No jurisdiction is given commissioners to oust vendees of lands for alleged breach of contract. The statute contemplates cases where the relation of landlord and tenant exists. It does not contemplate the trial of titles to land: 2 *Doug. Mich.* 377; 9 *Wend.* 227; 5 *Eng. L. & Eq.* 298; 5 *Wend.* 281. The vendee's holding is under the purchase, and not by demise: — 7 *Barb.* 74; 20 *Barb.* 509;

22 *Wend.* 605; 16 *Ill.* 145; 6 *Johns.* 46; 13 *Johns.* 489; 6 *Barb.* 128. An action for use and occupation will not lie against him: — 4 *Harr.* (*Del.*) 69; 16 *Ill.* 24.

The rights of vendee and vendor are analogous to those of equitable mortgagee and mortgagor. The vendee has a right of redemption: — 5 *Wis.* 598; 13 *Ark.* 534; 11 *Paige,* 353. But the jurisdiction here assumed is not to to give possession to the vendor merely, but to annul the contract.

MARTIN CH. J.:

It was held in *Dwight v. Cutler,* 3 *Mich.* 572, that when one enters into possession of land under a contract to purchase, his estate is that of a tenant at will. The agreement, therefore, under which he so entered is, in legal effect, a demise, although connected with the contract of sale. See also, *White v. Livingston,* 10 *Cush.* 259; *Cook v. Stearns,* 11 *Mass.* 533. Such being the rule of law, the clause in the agreement before us that, in case default should be made by the defendant in the performance of any of the conditions by him to be performed, it might be lawful for the plaintiff to declare the contract void, and to re-enter upon the land without serving upon the defendant a notice to quit, and that in case such contract should be declared void, the defendant should thenceforth be deemed a mere tenant at will, and be liable to be proceeded against as such, conferred no new rights upon the plaintiff, and created no new relation between the parties. It was merely declaratory of the relations and rights already existing under the law. The defendant had a right to waive notice to quit in the contract, as it was a merely personal right. This is not questioned.

The facts found in this case show a contract, a breach, and a notice, such as the contract requires, that the plaintiff declares it void; and he was consequently entitled to the remedy he seeks. The judgment of the Circuit Court

is therefore erroneous, and should be reversed, and a new trial ordered.

The other Justices concurred.