## John Raynor v. William P. Haggard.

*Forcible Entry and Detainer Act: Tenant at will; Notice to quit.* The statute, giving a summary remedy against tenants at will or by sufferance, whose estate has been determined, only allows it when such determination has been by a notice to quit. *2 Comp. L.* §4985, *subdiv. 4.*

*Heard January 6. Decided January 11.*

Error to Ingham Circuit.

This was a proceeding under the "Forcible Entry and Detainer Act," to recover the possession of certain premises purchased under a written agreement, and upon which default had been made.

The plaintiff gave no notice to quit under the statute.

The facts are stated in the opinion.

Judgment was rendered for defendant.

*Johnson & Higby,* for plaintiff in error.

RAYNOR v. HAGGARD.

The only question in this case is, whether the Court erred in deciding that notice to quit was necessary.

The defendant was in possession under a contract for the purchase of the premises, one provision of which was, that if he should fail to make the payments as therein stipulated, he should, at the option of plaintiff, be considered a tenant at will; he refused payment, bought up an outstanding title, and claimed to be the owner of the premises. In other words, he disclaimed the plaintiff's title, by which the relation of landlord and tenant was terminated, and no notice was necessary. — *Adams on Eject.*, *4 Ed. 155; Jackson v. French, 3 Wend. 338; Jackson v. Wheeler, 6 Johns. 272; Jackson v. Deyo, 3 Id. 422; Doe v. Long, 9 C. & P. 773; Doe v. Grubb, 10 B. & C., 816; Doe v. Froud, 4 Bing. 557.*

Our statute, *Compiled Laws,* § *2,807,* requiring notice to terminate a tenancy at will, does not apply; for in this case the tenancy is terminated by the act of the defendant.

*T. M. Crocker,* for defendant in error.

The one error assigned presents two questions:

*First.* Whether notice to quit is necessary in all cases of tenancy at will, to lay the foundation for the summary proceeding provided for by the statute under which plaintiff in error commenced in this case.

*Second.* If notice is not always necessary, whether the denial of plaintiff's title by defendant, relied upon in this case, was sufficient to determine the tenancy, and warrant the commencement of the suit.

1. The statute provides for the determination of tenancies at will and by sufferance, by notice to quit. — *2 Comp. L.* § *2,807.*

By thus specifically providing for the determination of those estates, it, by implication, negatives any other manner. And the fourth subdivision of Sec. 4,985, under which this proceeding was instituted, must be construed with the section

first named, to which it refers; and this subdivision gives this remedy only where the tenancy has been determined by notice to quit.— *2 Comp. L. 4,985; Huyser v. Chase, 13 Mich. 98; Woodrow v. Michael, 13 Id. 187; 2d Abbott's National Dig. 223.*

2. The denial of title did not determine the right of defendant in error to hold. The facts show that defendant entered under a contract of purchase — that when called upon to take the deed and make payment according to the terms of the contract, he assigned as a reason for not doing so, that the plaintiff had no title. This cannot be construed as a disclaimer. He was declining to pay the plaintiff for the land, and take title under him. Neither rent was demanded, nor possession, by plaintiff. Nothing was said by either that in any way referred to the relation of landlord and tenant.

The rule that a lessee will not be allowed to deny the title of his lessor is not to be applied in this case. Here the holding commenced under the agreement, which did not create the relation of landlord and tenant, and such relation does not commence until the contract is forfeited. It is only when that relation originally exists by force of the contract, or for want of one, that the rule will apply. See *Hughs v. Clarksville, 6 Pet. 369.*

The clause in the contract stipulating what the relation of the parties should be after forfeiture, created no new rights, and the notice to quit is not in this case waived. See *8 Mich. 312.*

CAMPBELL J.

Plaintiff brought summary proceedings to obtain possession of land against the defendant, who had originally entered under an executory contract, for a price payable in several instalments, the last of which fell due in November, 1855, but none of which was ever paid. It was stipulated that on any failure to pay, the plaintiff might forfeit the

contract, and that after any such failure defendant should consider himself a tenant at will.   Three or four years after the last default, defendant, who had previously made promises, said that plaintiff had no title, and that he had bought all the title he wanted from another person, from whom it is found he obtained a deed, giving back a mortgage.   Afterwards, in 1861, plaintiff tendered him a deed, and demanded performance of the contract, but defendant refused, claiming plaintiff had no title.   In 1866, plaintiff brought proceedings under the Forcible Entry and Detainer Act, and was defeated for want of notice to quit.   He then commenced the present proceedings, and was defeated in the court below for the same reason.

It is quite needless to discuss the question whether any notice to quit was necessary to determine defendant's tenancy, after he had denied plaintiff's title and set up an adverse claim.   In an action of ejectment, such a question might become pertinent; but the statute giving a summary remedy against tenants at will or by sufferance, whose estate has been determined, only allows it where such determination has been *by a notice to quit.— 2 Comp. L.* § *4985, subdivision 4.*

This statute cannot be enlarged; and as this tenancy was not thus determined, the plaintiff must fail in the present proceeding.   The judgment below was correct, and must be affirmed, with costs.

The other Justices concurred.