## LOUIS BENFEY v. DAVID CONGDON.

### *Annual lease—Tenant at will.*

A verbal stipulation for rent at a specified annual rate, but without stating for how long, amounts to a lease for a year only.

A tenant holding over is not a tenant at will unless he holds over by the express or implied consent of his landlord.

A tenant who wrongfully holds over his lease does not acquire equi-

ties as a tenant at will by any brief delay in proceeding against him, and is not entitled to such notice to quit as a tenant at will could claim.

Error to Wayne. Submitted Jan. 15. Decided Jan. 28.

ACTION to recover possession of rented premises under Comp. L., ch. 211. Defendant brings error.

*Samuel Slesinger* for plaintiff in error. A lease at a specified yearly rental payable monthly, without stating for how long, entitles the tenant to a month's notice to quit, *Bishop v. Howard*, 3 D. & R., 293; Taylor's L. & T., [2d ed.], 35; notice to quit on any day after the alleged termination of a tenancy, amounts to a consent to the holding over, *Jackson v. Salmon*, 4 Wend., 327; *Webber v. Shearman*, 3 Hill, 547; *Bennock v. Whipple*, 3 Fairf., 346; *Mosher v. Reding*, id., 478; *Doe v. Lea*, 11 East, 312; *Read v. Ridout*, 5 Taunt., 519; Taylor's L. & T., 305; a tenant holding over on the determination of an estate for a year is a tenant at sufferance, *Wilde v. Cantillon*, 1 Johns. Cas., 123; *Hyatt v. Wood*, 4 Johns., 150.

*Moore, Canfield & Warner* for defendant in error. One who holds wrongfully is not a tenant at sufferance, *Allen v. Carpenter*, 15 Mich., 34; *Rowan v. Lytle*, 11 Wend., 620; *Smith v. Littlefield*, 51 N. Y., 539; *Conway v. Starkweather*, 1 Den., 114; *Schuyler v. Smith*, 51 N. Y., 309 and cases; *Bacon v. Brown*, 9 Conn., 334; a tenant for one or more years may be proceeded against summarily and without notice to quit if he holds over. *Park v. Castle*, 19 How., Pr., 29; *Gibbons v. Dayton*, 4 Hun, 453; *Ellis v. Page*, 1 Pick., 46; *People v. Goelet*, 14 Abb. Pr. [N. S.], 130.

COOLEY, J. Congdon took proceedings before a circuit court commissioner to recover possession of a store which Benfey had held under him by lease. The proceedings were removed to the circuit court by appeal, and the errors relied upon here arise upon exceptions taken on the trial in that court.

It appeared without dispute that Benfey had a written lease of the store for one year from July 18, 1876, at a rent of $1,000, and at the end of that time it was agreed between the parties that Benfey should continue to hold the premises at the reduced rent of nine hundred dollars. This agreement was not reduced to writing, but the evidence of both parties was taken in respect to it, and it appeared therefrom that nothing was said about the time the holding should continue. At the end of a year Congdon testifies that he demanded possession of the premises, which Benfey refused to give; whereupon these proceedings were instituted. Benfey testified, on the other hand, that Congdon did not demand possession, but consented that his occupation should continue.

One principal objection relied upon by plaintiff in error is that the circuit judge treated the agreement between Congdon and Benfey for a further occupation of the premises by the latter, at a reduced rent after the written lease had terminated, as an agreement for a single year, and declined to submit the question of time to the jury as one of fact. We think the court committed no error in this ruling. There was no material discrepancy in the evidence of the two parties. It appeared from what was testified by each that no time for the continuance of the holding was named. Benfey had a right to hold for a year, because the stipulated rent was an annual rent; and it must be inferred from this that he was to hold for that time. But this was as far as the inference could go. If he claimed a right to hold longer, the burden was upon him to show an agreement which gave it.

It is also claimed by Benfey that when the year was up and he still remained in possession, he was entitled to the statutory notice as a tenant at will or at' sufferance. Comp. L. § 4304. No doubt he would have been entitled to it as a tenant at will had he held over by the express or implied consent of Congdon, but not other-

wise. *Allen v. Carpenter*, 15 Mich., 25. But Congdon denied any such consent, and if the jury believed him, Benfey in holding over was a mere wrong-doer. The question of fact was fairly submitted to the jury, and there is no ground for complaint on this branch of the case.

We shall not undertake to determine in this case exactly what is meant by the statute above referred to, in giving to tenants at sufferance a right to the same notice to surrender possession as is given to tenants at will; but we do not think a tenant who wrongfully holds over for a short time becomes immediately entitled to such notice, or that any short delay in commencing proceedings against him can confer the right. The statute evidently intends a case of a holding where the occupant has some equities which would render it unjust that he be required to surrender immediate possession; but he cannot acquire such equities by a mere wrongful holding over, which is neither assented to nor acquiesced in. And that, according to Congdon's evidence, which the jury appear to have accepted and believed, was the case with Benfey here.

Several questions are made on the exclusion of evidence, but none of the rulings appear to us erroneous, and none involves any question requiring discussion.

The judgment must be affirmed, with costs.

The other Justices concurred.