## LYMAN T. RAWSON v. HENRY B. BABCOCK.

*Proceedings to recover possession of land.*

An executory contract of sale provided that in case of default in payment, the vendor should be discharged from all obligations, and all payments made should be forfeited without farther notice as stipulated damages. Possession was given, but the contract contained no express provision for it. On default, the vendor proceeded under Comp. L., ch. 211, which allows summary proceedings to dispossess one who holds contrary to the covenants of any executory contract. *Held* (*a*) that as there were no covenants regulating possession, the case was not within the statute; and (*b*) that the purchaser was a tenant at will and entitled to three months' notice to quit.

In proceedings to dispossess a purchaser on the ground that he held possession contrary to the covenants of an executory contract, the refusal to admit evidence that the vendor had served notice on the purchaser, of his election to forfeit the contract, is not prejudicial where there had been no covenant relating to possession; it could not put the purchaser in the position of one holding contrary to covenant.

Error to Van Buren. Submitted January 15. Decided January 31.

Summary proceedings to recover possession of lands under Comp. L., § 6706, subd. 1. Plaintiff brings error.

*John G. Parkhurst* for plaintiff in error.

*Alfred J. Mills* and *William H. Tucker* for defendant in error. A tenant at will is entitled to three months notice to quit, *Dwight v. Cutler*, 3 Mich., 572; *Crane v. O'Reilly*, 8 Mich., 315.

GRAVES, J.   Rawson entered into an executory agreement with Babcock to sell him certain premises in the village of Decatur, and gave him possession.   The agreement was made July 26, 1876, and it provided that Babcock should pay $2,433.40 in two equal payments, one with interest at ten per cent. on or before January 1st, 1877, and the other with interest at ten per cent. on or before January 1st, 1878.   It further provided that he should keep the building insured for $1,500 in a good company for Rawson's benefit, and that in case Babcock should fail to perform on his part, then Rawson should have the right to elect to consider himself released and discharged of and from all liability in any of the covenants specified to be done and performed on his part, and all payments and improvements made by Babcock should be deemed forfeited without further notice as stipulated damages for non-performance of contract.   There were no other terms bearing on the subject of possession.

January 23d, 1878, Rawson took summary proceedings before a circuit court commissioner under Comp. L., ch. 211, to recover possession.   He alleged in his complaint that Babcock was holding contrary to the conditions of the before mentioned agreement, and also holding unlawfully and against his rights.

The commissioner decided in Rawson's favor and Babcock appealed, and on trial in the circuit court without a jury the judge ruled against Rawson and he brought error.

The payment of purchase money due January 1st, 1878, was not made, and on the 5th of that month Rawson served a written notice that the contract had become

forfeited by reason of the non-payment of purchase money and requiring Babcock to immediately surrender possession of the property.

On trial Rawson claimed that in consequence of Babcock's default and of the foregoing notice, the holding was contrary to the conditions of the executory agreement, and that without further notice he was entitled to recover under that part of the first subdivision of Comp. L., § 6706, which allows summary redress where the holding is "contrary to the conditions or covenants of any executory contract for the purchase of lands or tenements;" and this position is now maintained with much ingenuity in the brief of Rawson's counsel.

It was insisted by counsel for Babcock that the case was not within the provision referred to, and that Babcock's right was that of tenant at will, and that proceedings to expel him could not be taken until the termination of his estate by three months' notice, and the judge adopted this view. No such notice was given or could be.

The decision by the circuit judge was right. The case is governed by *Raynor v. Haggard*, 18 Mich., 72.

The executory contract contained no provisions regulating the right of possession. Whatever right existed on the strength of it, depended on implications. It did not assume to say expressly that Babcock should have possession at all, and no condition or covenants were inserted prescribing any mode or time of possession, or any time or event for yielding possession. The retention of possession was not therefore contrary to the conditions or covenants of the contract, because there were none on the subject. Whether, in case there had been, the holding would have been such as to require three months' notice to terminate the right, is a point not decided. The case does not require it.

The refusal of the judge to admit Rawson's notice of his election to forfeit the contract worked no prejudice. It could not place Babcock in the attitude of a vendee,

holding possession contrary to covenants and conditions about possession, since there were none.

According to the facts in the record Babcock's possession was that of tenant at will, requiring three months' notice under the statute, and the proceeding was premature.

The judgment should be affirmed with costs.

The other Justices concurred.