## NELSON *v.* GRAFF and others.

(*Circuit Court, W. D. Michigan, S. D.* May 29, 1882.)

1. CONVERSION—TIMBER SEVERED FROM REALTY—RIGHT OF ACTION.

   A party may maintain an action for a chattel which has become such by a wrongful severance from the realty; and the fact that the owner of the realty has contracted to sell it, and that the severance of the trees was by the vendee, and that vendee held possession as licensee, licensed to cut and remove standing timber on certain conditions, does not defeat the right of action by the vendor.

2. SAME—VALUE ENHANCED—RIGHTS OF OWNER.

   The fact that the trees, after being severed, have been manufactured into shingles, and the value considerably enhanced, does not prevent the owner from having the chattel returned to him in its altered form.

3. SAME—VENDEE IN POSSESSION—AS LICENSEE.

   A vendee in possession of land under a contract of purchase is a tenant at will after default in payment. So, where a party obtained possession of land under a contract of purchase with the license to cut timber on each 40 acres as often as he paid a stipulated proportion of the purchase price, and he made default in the payment of an instalment, the cutting of timber would be a wrongful conversion, and he could not give a purchaser thereof lawful possession of the timber.

Replevin.

*Taggart, Stone & Earle,* for plaintiff.

*Simonds, Fletcher & Wolf,* for defendants.

WITHEY, D. J. The testimony discloses that Nelson was owner of 160 acres of pine land, which in January, 1878, he agreed to sell by written contract to one Chandler for $4,800. Chandler paid at the time $1,200, and agreed to pay a like sum by November 16, 1878, June 16, 1879, and January 16, 1880, with interest. The vendor stipulated that Chandler should have possession of the premises, but it was stated that he should not cut or dispose of any timber standing on the land except as provided in the contract of sale. The provision governing timber-cutting was in the following words:

"And he is hereby granted the privilege of cutting, manufacturing, and disposing of timber upon 40 acres of said land, and no more, until the second payment of $1,200 and interest shall have been made, when the second party shall have the privilege of cutting and removing the timber from 40 acres more of the said land, and no more. And when the next payment of $1,200 and interest shall be paid, the party of the second part shall have the privilege of cutting and removing timber from 40 acres more, and no more."

The payment down entitled Chandler to cut and remove the timber from 40 acres; he made a second payment of $1,200, and was entitled to cut and remove the timber from another 40 acres. His pay-

ments then ceased, but he cut and removed the timber on 35 other acres, and sold the same to defendants, who manufactured the logs into shingles, being the property seized and replevied in this action by Nelson. There are 870,000 star shingles of the value of $2.15 per 1,000, and 30,000 second shingles of the value of $1.10 per 1,000, aggregating $1,903.50. The shingles were seized under the writ of replevin July 24, 1879.

The legal title to the land was in Nelson, and the timber was part of the realty. Under the contract to Chandler he acquired an equitable estate or interest in the land, and possession of it, with a restricted license to cut and remove timber. It is quite clear that the timber was wrongfully severed and converted by the vendee, for it was done, not under the license, but was a positive and plain violation of the terms of the license.

Upon principle and the authority of many judgments, it is manifest that one can maintain, on the strength of his title to realty, an action for a chattel which has become such by a wrongful severance from the premises; and the reason is because it belongs to the owner of the land. There are modifications that would affect such person's right to sue, but none of them affect this case. See *Kircher* v. *Schalk*, 39 N. J. Law R. 335, and cases there cited.

The fact that the owner of the realty has contracted to sell it, and the fact that the severance of the trees was by the vendee, does not, it is believed, interfere with the owner's right of action; nor does the fact that the vendee held possession as a licensee, licensed to cut and remove standing timber from 40 acres and no more, so often as he paid $1,200, defeat replevin by the vendor.

A vendee who should have paid the contract price of the land would occupy a more favorable footing. The vendor in such circumstances would have the mere naked legal title without equities or other rights. He would be a trustee merely.

If Chandler could have maintained replevin against a trespasser who should have severed and converted the timber, it does not follow that Nelson could not have replevied from such trespasser by virtue of his title to the timber. It is a familiar rule that one in the rightful possession of a chattel can maintain suit against any one wrongfully depriving him of it, though he may not be the owner. A bailee may do this, and so may the bailor, if the chattel owned by him has been converted.

This is the case of a plaintiff asserting his right to a chattel based on his right as owner of the land from which the chattel has been

severed wrongfully. The fact that the trees after being severed have been manufactured into shingles and the value considerably enhanced does not prevent the owner from having the chattel returned to him in its altered form. Again, the fact that the defendants obtained the timber by purchase is not sufficient to defeat its recapture from them under the facts in this case. Defendants were put upon inquiry as to Chandler's rights. The records of the county disclosed title to the realty in Nelson. Defendants were bound to take notice of this fact. They knew where Chandler cut the timber, and inquiries of the proper party would have insured them, in all probability, the knowledge that Chandler had no right to any timber at that time.

Counsel for plaintiff cited Cooley, Torts, 55; Addison, Torts, 410; 21 Wall. 302; 9 Wall. 293; 21 Barb. 199.

Defendants' counsel cited, among others, 34 Mich. 138; 39 Wis. 515; 40 Mich. 286; 39 N. J. Law, 355.

"If trees growing on land demised to a tenant are cut by the latter, or fixtures attached to a dwelling-house are severed by the tenant, the landlord has an immediate right of possession of the trees and fixtures so severed from the inheritance. They are his goods and chattels, and, if they are taken away from the demised premises, he may maintain an action for the conversion of them." 1 Addison, Torts, 453; *Farrant* v. *Thompson*, 5 Barn. & Ald. 828. The wrongful cutting of timber, without carrying it away, is a conversion. 8 Barr, 294.

It has been held in this state that a vendee in possession of land under a contract of purchase is a tenant at will after default in payment. The contract in this case stipulates to that effect. See *Crane* v. *O'Reiley*, 8 Mich. 312. If the property had come lawfully into the possession of defendants, a demand and refusal would have been necessary before replevying. Here the conversion was wrongful by Chandler, and he could not give defendants lawful possession of the timber.

Plaintiff is entitled to judgment for six cents damages, and that defendants did unlawfully detain, etc., and costs of suit, and it will be entered accordingly.

See *The Timber Cases*, 11 FED. REP. 81; *United States* v. *Smith*, Id. 487 493; *United States* v. *Mills*, 9 FED. REP. 684.