JOHN T. KNIGHT v. JOHN HARTMAN.

[See 81 Mich. 462.]

*Mortgage—Absolute conveyance—Contract—Question for jury.*

The question whether a deed of mortgaged premises made by the mortgagor to two of the heirs of the mortgagee on their surrender of the mortgage, and the execution to him by the grantees of a contract for the sale of the land for a less sum than the mortgage debt, amounted to an absolute sale or to a mortgage, is held one of fact for the jury, the testimony being conflicting as to the intent of the parties.

Error to Kalamazoo. (Buck, J.) Submitted on briefs July 1, 1892. Decided July 28, 1892.

Summary proceedings to recover possession of land. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 81 Mich. 462.

*Hawes & Luby,* for appellant, contended as stated in the opinion.

*Edwards & Stewart,* for plaintiff, contended for the doctrine of the opinion.

GRANT, J. After the decision in *Knight v. Hartman,* 81 Mich. 462, plaintiff discontinued that suit, gave three months' notice to quit, and commenced the present suit to recover possession of the land, in which he had verdict and judgment.

In addition to the facts there stated, it appears that the father of plaintiff deeded this land to defendant, in 1867, for $2,000. One hundred dollars was paid down, and a mortgage given back for $1,900. Defendant made 8 payments upon that mortgage, amounting in all to $214.20,

and extending from 1871 to 1887, which payments were indorsed upon the note accompanying the mortgage. Defendant's grantor died in 1887, at the age of 100. His son, William G. Knight had attended to his business for about ten years previous to his death. The amount then due upon the mortgage was about $6,000, which was greatly in excess of the value of the land. The deceased left no debts, and no minor heirs. It was agreed between the heirs that William G. and Godfrey E. Knight should attend to the settlement and division of the estate without the expense of administration. Defendant was financially irresponsible, and all that could be obtained for the debt was the land. Defendant, knowing that he could not pay the mortgage, offered at first to raise $2,000, if they would take that in discharge of the debt and mortgage. They agreed to accept this, and gave him time to raise the money, but he could not do it. They then proposed to take the land for the mortgage debt. At the same time they proposed to resell it to him for $2,000. Defendant and his wife executed a deed to the two Knights, and they executed to him the contract in question. The note and mortgage were surrendered.

Defendant's theory appears to have been that the deed to the Knights was merely for their accommodation. He testified as follows:

"*Q.* Why didn't you raise the money within that time to pay this debt?

"*A.* I wasn't to raise any money; that wasn't the bargain.

"*Q.* You were to live there indefinitely, were you?

"*A.* No; I was to pay it.

"*Q.* How were you to pay it if you wasn't to pay any money?

"*A.* Well, I would pay for it after he had deeded it back to me.

"*Q.* Was it to be deeded to you before you had the money to pay the debt?

"*A.* That was the way they agreed to; they agreed to it, and Godfrey was to write it in himself."

The court instructed the jury that their verdict depended upon the nature of the transaction between the parties; that if they found that the defendant made an absolute sale of the premises to the Knights in consideration of the giving up of the mortgage, and that they then resold the premises to the defendant at an agreed price of $2,000, and that the contract was executed in pursuance of, and as evidence of, the agreement of sale and purchase, their verdict should be for plaintiff; but if, on the other hand, they found that the arrangement was that, to save the expense of a foreclosure of the Godfrey Knight mortgage, and to enable the heirs of Godfrey Knight to settle their father's estate, he agreed to deed the property to the Knights, and take the contract of sale, such contract would stand in place of the mortgage, and their verdict should be for the defendant.

The defendant requested the court to instruct the jury to find a verdict for him, on the ground that the contract was a mortgage. His counsel rely upon *Batty v. Snook*, 5 Mich. 231; *Enos v. Sutherland*, 11 Id. 538; and *Ferris v. Wilcox*, 51 Id. 105. Neither of these cases controls the present one. An examination of them will readily disclose the difference in the facts.

The evidence on the part of each of the parties tended to sustain the claim made. The question was one of fact for the jury, and their finding against the defendant is conclusive. The defendant himself valued the property at about half the amount of the mortgage.

The two cases first above cited were in equity, where this Court has jurisdiction to determine the facts, while in the last case there was no conflict in regard to the facts.

The court properly rejected evidence by the defendant himself of payments claimed to have been made to Godfrey Knight in his life-time, because the facts to which he sought

to testify were equally within the knowledge of the deceased, and were therefore incompetent under the statute.

We find no error upon the record, and the judgment is affirmed.

The other Justices concurred.