MINER *v.* DICKEY.

VENDOR AND PURCHASER—BREACH OF PURCHASER—TERMINATION OF CONTRACT—SUMMARY PROCEEDINGS.

> Mere breach by the purchaser of the covenant to pay taxes in an ordinary land contract does not put an end to the contract, it not being so provided, nor does it entitle the vendor to maintain summary proceedings for possession of the land without notice of intention to claim a forfeiture and demand for possession.

Error to Calhoun; Hopkins, J. Submitted April 28, 1905. (Docket No. 121.) Decided June 13, 1905.

Summary proceedings by Ida M. Miner against Isaac O. Dickey to recover possession of certain premises. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Pringle & Hewett,* for appellant.

*Charles F. McKenzie,* for appellee.

OSTRANDER, J.  Complainant is owner of certain premises.  Defendant is in possession under a land contract, of which he is assignee, containing the following provisions:

" Said party of the second part also agrees to pay all taxes and assessments whatsoever that shall be taxed or assessed on said premises, or upon this contract, or upon the contract interest of said first party in and to said premises created by this contract, including the taxes for the year 1901, and hereby waive any and all claim or right against said party of the first part, her legal representatives or assigns, to any payment or rebate on, or offset against the interest or principal of said contract debt by reason of the payment of any of the aforesaid taxes or assessments.  *   *   *

"It is mutually agreed between said parties, that said party of the second part shall have possession of said premises on delivery of this contract, and shall keep the same in as good condition as they are at the date hereof, until the said sum shall be paid as aforesaid; and if said party of the second part shall fail to perform this contract, or any part of the same, said party of the first part shall, immediately after such failure, have a right to declare the same void and retain whatever may have been paid on said contract, and all improvements that may have been made on said premises, and may consider and treat the party of the second part as her tenant holding over without permission, and may take immediate possession of the premises, and remove the party of the second part therefrom."

Taxes were assessed against complainant upon her interest in the land contract in the year 1903, which defendant refused to pay.  There was no other default.  On June 2, 1904, defendant called on complainant (his vendor) to make the monthly payment on the contract, when complainant's husband and agent inquired if he (defendant) proposed to pay these taxes, either to the city treasurer or to complainant.  The reply was, in substance, that he did not propose to pay them to anybody.  On the next day, or the day after that, without other notice, and without any demand for possession of the premises, summary proceedings were begun before a circuit court com-

missioner to obtain possession of the premises. The commissioner determined, as is stated in his return, that defendant was a tenant at will and entitled "to the notice prescribed by law; that such notice was not given." Complainant appealed, and on the trial in the circuit court, the proofs being concluded, a motion was made for a directed verdict in favor of defendant upon the ground that no notice of forfeiture had been given by complainant to defendant, and no demand for possession of the premises. The motion was granted. Thereafter complainant moved for a new trial, in denying which the circuit judge stated his reasons, which, in part, were as follows:

"If the complainant was authorized to proceed before the circuit court commissioner to obtain possession without out notice to the defendant, it must have been done under and by virtue of the provision of the first subdivision of section 11164, 3 Comp. Laws, such portion of which is applicable to this case reading as follows:

"'The person entitled to any premises may recover possession thereof in the manner hereinafter provided in the following cases:
"'*First*, When any person shall hold over any lands or tenements * * * contrary to the conditions or covenants of any executory contract for the purchase of lands or tenements * * * and demand of the rent or possession of the premises is waived therein, in writing, and not included in the printed form of the lease or agreement.'

"It not being claimed on the part of the complainant either that the notice to quit which would have brought the subject-matter within the jurisdiction of the circuit court commissioner under the fourth subdivision of the section of the statute above quoted was given, nor that demand of possession of the premises was waived in writing and not included in the printed form of the agreement, inexorable logic forces the conclusion that the circuit court commissioner did not acquire jurisdiction of the subject-matter, and that consequently this court has no such jurisdiction, and could not, therefore, lawfully do otherwise than direct a verdict of not guilty."

It is the claim of counsel for appellant that upon the

breach of the contract by the vendee the vendor had the right to immediately institute proceedings to recover possession.   We cannot assent to this proposition.   The relations between the parties were contract relations.   It is apparent that these relations might continue to exist after breach of the contract by the vendee; the vendor having the right to waive the breach, or to forego her remedy therefor.   So long as the contract relations existed, defendant had the right to possession of the premises—was not unlawfully in possession.   We do not mean to hold that parties to such a contract may not stipulate that a specified breach or breaches of the contract shall at once determine the contract relations, and work a forfeiture of the vendee's rights thereunder.   The contract in this case does not so stipulate.   The provision is that after breach the vendor shall have a right to declare the contract void. The rule that the vendor must terminate the contract relations by notice of forfeiture or otherwise, or that the defendant must do some act or thing which of itself determines the contract relation, before proceedings to recover possession of premises can be begun, is well settled. *Crane v. O'Reiley,* 8 Mich. 312; *Raynor* v. *Haggard,* 18 Mich. 72; *Corning* v. *Loomis,* 111 Mich. 23; *Michigan Land & Iron Co.* v. *Thoney,* 89 Mich. 226.   The same principle has been applied in cases of leases where the tenant did some act, the effect of which was to end the contract relations entered into.   *Randall* v. *Chubb,* 46 Mich. 311; *Lewis* v. *Sheldon,* 103 Mich. 102; *Marvin* v. *Hartz,* 130 Mich. 26.   Except that in that case the particular method of giving notice of the election to forfeit was specified in the contract, the case at bar is like that of *Crane* v. *O'Reiley,* supra, and is ruled by it.

It results that the judgment below was right, and is affirmed.

MOORE, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.