152   591
153   ¹282
153   ³344

MURPHY *v.* McINTYRE.[1]

1. VENDOR AND PURCHASER—DEFAULT OF PURCHASER—EFFECT—
TERMINATION OF CONTRACT.

Where a land contract provides that upon default by the pur-
chaser the vendor shall have the right to declare the contract
void, etc., the default does not, of itself, work a forfeiture,
but notice of the election of the vendor to forfeit is required
in order to determine the contract relation.

2. SAME—POSSESSION AFTER DEFAULT—NATURE OF HOLDING.

After default and notice of forfeiture, independent of contract
stipulations, the vendee in a land contract is, strictly, a ten-
ant at will.

3. SAME—NOTICE TO QUIT.

Where a land contract provides that the purchaser shall have
possession of the land "under this contract" on a day named,
and that on default the vendor shall have the right to treat
the purchaser as her tenant holding over, and to take imme-
diate possession of the land and remove the purchaser there-
from, the purchaser, after default and notice of forfeiture, is
without right of possession, and is not entitled to 90 days'
notice to quit.

Error to Berrien; Coolidge, J. Submitted April 10,
1908. (Docket No. 26.) Decided May 1, 1908.

Summary proceedings by Mary L. Murphy against
Sarah E. McIntyre for the possession of certain real estate.
There was judgment for defendant on a verdict directed
by the court, and complainant brings error. Reversed,
and remanded.

*James O'Hara*, for appellant.

*Cady & Andrews*, for appellee.

OSTRANDER, J. On default being made in payments
due upon an executory contract for the sale and purchase

---

[1] Rehearing denied July 1, 1908.

of land, the vendor served upon the vendee in possession a notice containing the following clause:

"I hereby notify you that I have elected to declare and have declared said contract void under the terms thereof, and demand immediate possession of said premises according to the terms of said contract and hereby give you notice to quit and vacate said premises."

The notice was served September 20, 1907, and on October 7, 1907, the vendor made and filed with a circuit court commissioner a complaint in statute proceedings to recover possession of the premises. A judgment was rendered for defendant, and on appeal to the circuit court it was affirmed; verdict being directed by the court upon the ground that defendant was entitled to a 90-days notice to quit. The land contract contained the condition:

"If the said party of the second part shall fail to perform this contract, or any part of the same, the said party of the first part shall, immediately after such failure, have the right to declare this contract void, and to retain whatever may have been paid hereon, and all improvements that may have been made on said land, as stipulated damages for non-performance of this contract, and may consider and treat said party of the second part as her tenant holding over without permission, and may take immediate possession of said land, and remove said party of the second part therefrom."

Default of the vendee did not by the terms of the contract work a forfeiture. Notice of the election of the vendor to forfeit was required in order to determine the contract relation. *Miner* v. *Dickey*, 140 Mich. 518. That election having been made and notice thereof having been given to the vendee, with a demand for possession of the premises, what relation then existed between the parties? Defendant says her position was one familiarly known to the law as a tenant at will. See *Allen* v. *Carpenter*, 15 Mich. 25, 42. Independent of contract stipulations, the vendee in a land contract, after default and after notice of forfeiture, is, strictly, a tenant at will. *Crane* v. *O'Reiley*, 8 Mich. 312. In that case the stipulation made the vendee, after his default, a tenant at will,

and was held merely declaratory of the law. By the terms of the contract in question here, the vendee was to have possession of the land "under this contract" on a day named. By mutual agreement, the vendor, upon default, had the right to treat the vendee as her tenant holding over, and to take immediate possession of the land and remove the vendee therefrom. Assuming that after the forfeiture and demand of possession the status of the vendee was, as it was agreed it should be, that of a tenant holding over, it was clearly a holding without right. A tenant holding over may be proceeded against at once. *Teft* v. *Hinchman*, 76 Mich. 672; *Ryan* v. *Mills*, 129 Mich. 170. He has no right to the possession, and can gain none except by agreement or by acquiescence. *Benfey* v. *Congdon*, 40 Mich. 283. The case is unlike the one of *Rawson* v. *Babcock*, 40 Mich. 330. The vendor might have at once peaceably dispossessed her.

The judgment of the court below was wrong and is reversed, with costs of all courts. The installment due upon the land contract was payable at any time in the month of August, 1907, and was the sum of $2,000. The record will be remanded to the circuit court for the county of Berrien, with directions to enter a judgment for complainant in conformity with the statute. *Lambton Loan & Investment Co.* v. *Adams*, 132 Mich. 350. The amount found due to the complainant should include interest at the contract rate as and from the date of the judgment rendered by the circuit court commissioner.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.