## MADAY v. ROTH.

1. VENDOR AND PURCHASER—FORFEITURE—NOTICE.
   The rights of a vendee of land under a contract providing for the payment of installments are not terminated by a mere default, without notice of the vendor's intention to rely on the forfeiture.

2. SAME—NOTICE—SUFFICIENCY.
   A declaration of forfeiture must be clear and unambiguous, conveying an unquestionable purpose to insist that forfeiture has accrued.

3. SAME—SERVING A NOTICE TO QUIT.
   Intention to forfeit such rights is not deducible from a notice to quit for nonpayment of rent, or to pay the amount due.

4. SAME—ASSIGNMENT—WAIVER.
   The provisions of a land contract prohibiting an assignment without the written consent of the vendor are waived by an oral consent given to a subsequent assignment from the vendee to a third party.
   160 MICH.—19.

5. SAME—ESTOPPEL.

Even after a forfeiture in due form, the parol assent of the vendor to an assignment of the vendee's interest, upon the payment of money therefor in reliance on the consent, would estop the vendor from enforcing the forfeiture.

6. SAME—RE-ENTRY—POSSESSION.

No forfeiture having been worked, a valid re-entry cannot be made, even if peaceable possession is obtained.

7. SAME—REPOSSESSION BY VENDOR.

Delivering keys of the premises to a brother and agent of the vendor, for the benefit of the assignee, is insufficient to amount to a re-entry by the vendor, while possession still remains in the vendee's tenant.

Appeal from Wayne; Murphy, J. Submitted February 11, 1910. (Docket No. 138.) Decided March 5, 1910.

Bill by Albert Maday against Carrie Pearsall Roth to compel the specific performance of a land contract. From a decree for complainant, defendant appeals. Affirmed.

*Chamberlain, May, Denby & Webster*, for complainant.

*Jasper C. Gates*, for defendant.

STONE, J. The complainant filed his bill of complaint in the Wayne circuit court, in chancery, to compel specific performance of a certain land contract dated May 18, 1907, and entered into between the defendant as vendor, and Otto Gregory and Elizabeth Gregory, his wife, as vendees. The defendant answered, and, the cause being at issue, was heard upon an examination of the witnesses in open court. A careful examination of the record and briefs of counsel has led us to the conclusion that the learned circuit judge who heard the cause and saw the witnesses properly disposed of the case, and we adopt the language of his opinion as follows:

"The defendant was the vendor under a land contract, in which Otto Gregory and Elizabeth Gregory, his wife, were vendees. The latter, being in default upon pay-

ments due, were served upon December 21, 1909, with a notice to quit the premises. This notice calls upon the vendees ' to deliver up possession of the described premises which you now hold of me as my tenants or pay to me the rent now due for said premises, for which you are justly indebted to me and which you have neglected to pay.'

"Thereafter the Gregorys opened negotiations with the complainant for the sale of their equity in the contract to him. Before consummating a purchase of their interest, Maday obtained the vendor's verbal assent to an assignment of the vendees' right under the contract to himself. Upon obtaining this consent Maday, for a consideration of $100, procured, on December 31, 1908, a written assignment to himself from the Gregorys of all their right, title, and interest in and to the affected premises.

"Upon January 2, 1909, the Gregorys vacated the premises, but a tenant holding under them, and from whom they had received rent in payment of a holding to January 18, 1909, remained in possession until the latter date. Upon January 4, 1909, Maday made due tender, as the contract permitted, of all the remaining money due under it, demanded a deed of the premises, and, being refused, filed this bill January 9, 1909, seeking specific performance of the contract. Upon January 2, 1909, defendant's brother obtained the keys to the property from a neighbor, with whom Mrs. Gregory had left them for delivery to Maday.

"Mere default had not worked a forfeiture at the time the notice to quit was served. Nor did that notice in terms constitute a declaration of forfeiture. A declaration of forfeiture must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued. No such purpose is deducible from the notice given. *Murphy* v. *McIntyre*, 152 Mich. 591 (116 N. W. 197); *Miner* v. *Dickey*, 140 Mich. 518 (103 N. W. 855).

"The parol assent to an assignment of the vendees' interest was a valid waiver of the provisions of the contract prohibiting a transfer without the written consent of the vendor. *Peters* v. *Canfield*, 74 Mich. 498 (42 N. W. 125). Moreover, had there been a valid forfeiture, Maday's reliance upon Mrs. Roth's parol assent, and his payment of money by virtue of it, would now estop her from insisting upon any right otherwise accruing from such a forfeiture. She could not be permitted to take in-

consistent positions with him to his prejudice, when his own conduct was characterized throughout by entire good faith.

"It is insisted that the vendor had regained peaceable possession of the premises through her brother. No forfeiture having been worked, valid re-entry could not be made, even if peaceable possession had been obtained. *Murphy* v. *McIntyre, supra.* However, it seems to me that no reason exists for construing the brother's conduct in obtaining the keys as amounting to a repossession. The keys were deposited for delivery to Maday. But more vital still is the fact that the Gregorys' tenant remained in possession until after the filing of the bill, under a right of occupancy derived through the vendees. This is wholly inconsistent with the claim of re-entry made by the defendant. The tenant's possession was the possession of the vendees.

"A decree may be taken as prayed."

The decree of the court below appears to be in due form, and the same will be affirmed, with costs of this court to the complainant.

OSTRANDER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.