GYRO, INC., v. WESBROOK LANE REALTY CORP.

1. Vendor and Purchaser—Declaration of Forfeiture Must be Clear and Unambiguous.

Declaration of forfeiture of land contract must be clear and unambiguous, conveying unquestionable purpose to insist that forfeiture has accrued.

2. SAME—INSUFFICIENT NOTICE OF FORFEITURE.

Vendor's letter to vendee that "unless settlement is received by return mail your contract becomes void," *held*, not to be clear and unambiguous notice of unquestionable purpose to insist that forfeiture has accrued.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 5, 1932. (Docket No. 30, Calendar No. 35,960.)   Decided December 7, 1932.

Assumpsit by Gyro, Incorporated, a New Jersey corporation, against Wesbrook Lane Realty Corporation, a Michigan corporation, on the common counts and a land contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Yerkes, Goddard & McClintock* (*C. Upton Shreve* and *Frank W. Donovan,* of counsel), for plaintiff.

*Henry J. Goggel,* for defendant.

POTTER, J.   William Garchow of Ionia, Michigan, was the owner of the west half of the northwest quarter of section 23, township 1 south, range 9 east, Wayne county, Michigan, containing 80 acres more or less, except one acre out of the northwest corner and the buildings situated thereon.   February 4, 1925, William Garchow and wife sold this land on land contract to Edward J. Meyer, who assigned his vendee's interest therein to Zusman Caplan, who assigned the same to Tillian Realty Corporation. Tillian Realty Corporation, April 27, 1926, sold the premises on land contract to defendant for $1,250 an acre.   The contract provided for the payment of $50,000 down, and the balance of $92,647, together with the interest annually thereafter until the whole sum should be fully paid, provided the entire purchase money and interest should be fully paid within

eight years from the date of the contract. The contract of purchase by defendant contained the following:

"That the purchaser shall have possession of said lands from and after the date of the delivery hereof, while he shall not be in default on his part in carrying out the terms hereof, taking and holding such possession hereunder, and shall keep the premises in as good condition as they are at the date hereof and if purchaser shall fail to perform this contract or any part thereof the seller immediately after such default shall have the right to declare the same void and retain whatever may have been paid hereon and all improvements that may have been made upon the premises and consider and treat the purchaser as his tenant holding over without permission, and may take immediate possession of the premises and the purchaser and each and every other occupant remove and put out."

The Tillian Realty Corporation assigned its vendor's interest in the land contract to the Passaic National Bank & Trust Company of Passaic, New Jersey, subject to the rights and title of defendant under its contract, and the Passaic National Bank & Trust Company subsequently assigned its interest to Gyro, Inc., plaintiff herein. In 1930 defendant was in default in the payments due upon its contract, and May 26, 1930, defendant wrote plaintiff:

"In reply to your letter of May 22d, beg to advise that we will be willing to interview Mr. and Mrs. Garchow and try to get them to accept the interest only for the next three years. I believe that this arrangement will be possible providing we acquaint them with our situation. * * * We can by no stretch of the imagination make this principal payment and we will be very glad to show you by our

own records that our statements in this regard are absolutely truthful.    *    *    *    As soon as we hear from you in regard to our suggested interview with Mr. and Mrs. Garchow we will immediately see them.''

June 3, 1930, plaintiff wrote defendant:

''Answering your letter of May 26th, the matter referred to has been referred to our executive committee for consideration and regret to advise that we cannot comply with your request.  We must, therefore, insist upon the payment of principal and interest which was due April 28th in accordance with your contract.''

June 20, 1930, plaintiff wrote defendant:

''On June 3d we wrote you in answer to your letter of May 26th, advising you that we must insist upon payment of principal and interest due April 28th in accordance with your contract.  Up to this writing we have failed to receive your check and this is to notify you that unless settlement is received by return mail your contract becomes void.''

Nothing was paid upon the contract.  Plaintiff, August 15, 1930, sued defendant, declaring in its amended declaration on all the common counts in assumpsit, and also upon the land contract and the assignments thereof to plaintiff, claiming in its bill of particulars $14,609.41.  From a judgment for plaintiff of $15,796.79 and costs, defendant appeals.

While several questions are raised by appellant, the determining question is whether appellee's letter of June 20, 1930, to appellant, constituted sufficient notice of forfeiture to terminate all rights under the contract sued upon.  If it was sufficient, and the contract was forfeited, no recovery may be had upon the contract.  If it was insufficient, and the contract

was not forfeited, then plaintiff may maintain this suit, and judgment should be affirmed.

There are many decisions elsewhere upon the question of the sufficiency of similar notices to quit. We are not concerned with them.

In *Maday* v. *Roth,* 160 Mich. 289 (136 Am. St. Rep. 441), this court adopted the opinion of Judge Murphy of the Wayne circuit, where it is said:

"This notice calls upon the vendees 'to deliver up possession of the described premises which you now hold of me as my tenants or pay to me the rent now due for said premises, for which you are justly indebted to me and which you have neglected to pay.' * * *

"Mere default had not worked a forfeiture at the time the notice to quit was served. Nor did that notice in terms constitute a declaration of forfeiture. A declaration of forfeiture must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued. No such purpose is deducible from the notice given. *Murphy* v. *McIntyre,* 152 Mich. 591; *Miner* v. *Dickey,* 140 Mich. 518."

The holding in *Maday* v. *Roth* still governs. Under it the notice of forfeiture in this case must be held not to be clear and unambiguous conveying the unquestionable purpose to insist forfeiture accrued.

Judgment affirmed, with costs.

Clark, C. J., and McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.