CURTISS v. PERRY.

STATUTE OF LIMITATIONS — JOINT CONTRACTORS — PAYMENTS —
HUSBAND AND WIFE—AGENCY.

Under 3 Comp. Laws 1897, § 9745, providing that no joint con-
tractor shall lose the benefit of the statute of limitations by
reason of any payment made by another joint contractor, a
payment made by a husband, without the knowledge or con-
sent of his wife, on a mortgage given by them jointly to
secure his debt, will not prevent the running of the statute in
favor of the wife, even though he was authorized to act for
her generally.

Appeal from Kent; Wolcott, J. Submitted April 18,
1901. Decided May 7, 1901.

Bill by George S. Curtiss against Peleg R. Perry and
Mary Perry to foreclose a mortgage. The bill was dis-
missed, and from an order denying a rehearing complain-
ant appeals. Affirmed.

*E. C. Watkins* and *Frank Kutts*, for complainant.

*James A. Lombard*, for defendants.

LONG, J. Bill to foreclose a mortgage made by the
defendants, who are husband and wife. The mortgage
was made September 30, 1876, for $600. It covered three
small parcels of land owned by the husband and an 80-
acre piece owned by the wife. It became due three years
after date. The defendants claim that the mortgage has
been paid, or that, if it has not been paid in full, it is
barred by the statute of limitations. It is conceded that
the mortgage is barred by the statute unless a certain in-
dorsement on the mortgage of five dollars was made by
the defendants on June 22, 1889.

From the view we take of the case, it is not necessary
to determine any other question than that whether the

-five dollars was paid, if paid at all, by and with the consent of Mrs. Perry. The court below found that, though the five dollars was in fact paid by Mr. Perry, it could in no way operate to prevent the running of the statute as to defendant Mrs. Perry, and entered a decree dismissing the complainant's bill.[1] A motion for rehearing was made by the complainant for the purpose of introducing testimony to show that Mr. Perry was the general agent of Mrs. Perry. This motion was denied. Complainant appeals. Both defendants testify that the debt which the mortgage was given to secure was the debt of Mr. Perry.

We are satisfied that, under the evidence, the court was not in error in finding that the five dollars was paid without the knowledge and consent of Mrs. Perry, and that the payment would not operate to relieve the mortgage from the bar of the statute as to her. Sections 9741 and 9745, 3 Comp. Laws 1897, provide that one joint contractor cannot, by an individual payment, bind another joint contractor so as to prevent the statute of limitations running in his favor; and in *Rogers* v. *Anderson*, 40 Mich. 290, it was held that a joint maker of a note does not lose the benefit of the statute by payments made by another joint maker. See, also, *Holcomb* v. *Sloan*, 39 Mich. 173.

The claim made that the husband was the general agent of the wife can have no force. There is nothing in the record to show that the payment was made by or with her knowledge or consent.

The decree below must be affirmed, with costs.

HOOKER, MOORE, and GRANT, JJ., concurred. MONTGOMERY, C. J., did not sit.

---

[1] All of the lands except the 80 belonging to the wife had been released from the mortgage.—REPORTER.