### BROWN v. HAYES.

1. LIMITATION OF ACTIONS—MORTGAGES—RENEWAL OF PERIOD—PAYMENTS BY JOINT MORTGAGORS.

Section 9745, 3 Comp. Laws, providing against renewal of the period of limitations as against one joint debtor by payments made by another, being limited in its terms to cases arising under chapter 268, of which it is a part, does not control the effect as to one joint mortgagor of payments on· the mortgage debt made by another.

2. SAME—COMMON LAW.

At the common law, a payment by one jointly bound, unless the statute established a contrary rule, was sufficient to prevent the running of the statute of limitations as to all.

3. SAME—JOINT MORTGAGORS.

A payment by one joint mortgagor within the period of limitations renews the debt as to all, section 9725, 3 Comp. Laws, respecting the limitations as to mortgages, containing no provision to the contrary.

Appeal from St. Clair; Law, J. Submitted June 20, 1906. (Docket No. 12.) Decided December 3, 1906.

Bill by Jefferson G. Brown against Mary Hayes and Richard Hayes to foreclose a mortgage. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Moore, Brown, Miller & Ladd (Lincoln Avery,* of counsel), for complainant.

*Stevens, Graham & Stevens,* for defendants.

MONTGOMERY, J.   This is a bill filed to foreclose a mortgage given to secure a note, of which defendants (husband and wife) were joint makers, dated June 19, 1879, due three years after date. The mortgage and note were given to Delemere Brown, who died in May, 1902. The complainant has succeeded to the rights of the mortgagee.

The defense of the statute of limitations is obviously good, unless by payments made and indorsed on the mortgage or note the obligation has been kept alive. Indorsements appear to have been made from time to time, but the evidence to connect the defendants with the payments which the indorsements purport to record is wanting, except in one instance. One indorsement, of November 9, 1894, was as follows: "Received on within 26 sheep, $45.50"—and was, we are convinced, made in the presence of Richard Hayes, and evidences an actual transaction with him. The circuit judge was not satisfied that the evidence was sufficient to show that the payment was made by the authority of Mary Hayes, and on the authority of *Curtiss* v. *Perry,* 126 Mich. 600, held that the payment by Mr. Hayes did not prevent the running of the statute of limitations against Mrs. Hayes. It should be said that the circuit judge was in no way in fault in construing the case of *Curtiss* v. *Perry* as he did. An examination of the record and briefs in that case shows that both parties assumed that section 9745, 3 Comp. Laws, was a general provision limiting the effect of the payment by one of two joint debtors, as it should affect the running of the statute of limitations in all cases. The court ap-

pears to have adopted this concession. Section 9745 is, however, limited in its terms to cases arising under chapter 268. See *Perkins* v. *Cheney*, 114 Mich. 567, where an entirely analogous provision was considered, and it was held that, as to a case not covered by that chapter, the rules of the common law would prevail.

At the common law, according to the weight of authority, a payment by one jointly bound was, unless the statute established a contrary rule, sufficient to prevent the running of the statute. The leading case is *Whitcomb* v. *Whiting*, 2 Doug. 652. This was followed in *Wyatt* v. *Hobson*, 8 Bing. 309. Which latter case was cited by Mr. Justice COOLEY in *Mainzinger* v. *Mohr*, 41 Mich. 685, as establishing the common-law rule first enunciated in *Whitcomb* v. *Whiting*. These cases were cited as establishing the rule in *Cross* v. *Allen*, 141 U. S. 528. The rule, as there stated, is that, where part payment is made before the statute has run, that payment keeps the debt alive, both as against the payor and his co-obligor or surety as well. The statute of limitations as to mortgage foreclosures reads as follows:

" No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen years from and after such mortgage shall become due and payable, or within fifteen years after the last payment was made on said mortgage." * * * Section 9725.

Fifteen years have not elapsed since the last payment was made on this mortgage. As this statute contains no provision restricting the effect of a payment by one of two joint debtors or by the principal debtor, the rule in *Whitcomb* v. *Whiting* must be applied, and foreclosure decreed.

It is so ordered.

CARPENTER, C. J., and MCALVAY, OSTRANDER, and MOORE, JJ., concurred.