HUPP FARM CORP. *v.* NEEF.

1. VENDOR AND PURCHASER—FINDING OF FACTS—EVIDENCE.

In vendor's suit to foreclose land contract and for deficiency, evidence *held,* to support finding of facts made by trial court as to time when vendees became in default, when their last

---

As to whether part payment tolls the statute of limitations, see 1 Restatement, Contracts, § 86; binding effect of authorized conduct of a codebtor to toll the statute of limitations, see 1 Restatement, Contracts, § 127.

payment was made, and when release of lot from mortgage was effected, as well as fact that vendor had fulfilled its agreement as to making street improvements.

2. SAME—FORFEITURE—DEFAULT—NOTICE.

Default on the part of the vendee does not work a forfeiture of a land contract as it is necessary that in addition thereto the vendor give notice of election to forfeit in order to terminate the contract relation.

3. SAME—FORFEITURE.

A declaration of forfeiture, to be effective, must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued.

4. SAME—NOTICE OF FORFEITURE.

Notice to husband of forfeiture of land contract under which husband and wife were purchasers but also notifying him that delayed payments must be paid on or before a given date *held*, not an unqualified declaration of forfeiture.

5. LIMITATION OF ACTIONS—JOINT DEBT—PAYMENT BY ONE DEBTOR—AUTHORITY.

Payment made by one joint debtor affects the running of the statute of limitations only as to him unless such payment was authorized or ratified by the other obligor.

6. SAME—PAYMENT BY WIFE ON LAND CONTRACT RUNNING TO HUSBAND AND WIFE.

Wife's payments, made on land contract running to her and her husband, prevented statute of limitations from running against husband where with his knowledge and consent she had made payments within six years from time suit for foreclosure and deficiency was commenced (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 18, 1940. (Docket No. 75, Calendar No. 41,076.) Decided June 19, 1940.

Bill by Hupp Farm Corporation, a Michigan corporation, against Arthur F. Neef and wife for foreclosure of a land contract and deficiency. Decree for plaintiff. Defendants appeal. Affirmed.

*Race, Haass & Allen* (*C. Redman Moon*, of counsel), for plaintiff.

*Arthur F. Neef,* for defendants.

SHARPE, J. Plaintiff, as vendor, filed its bill of complaint August 15, 1938, for specific performance of a land contract or foreclosure and deficiency judgment against defendants. A decree was entered in favor of plaintiff for the sum of $4,063.38. Defendants appeal.

The facts are as follows: On July 19, 1926, plaintiff corporation, as vendor, entered into a land contract with defendants, as vendees, covering premises in Oakland county, the consideration for the sale being the sum of $3,840, $384 of which sum was paid upon the execution of the contract. Other terms and conditions of the contract were as follows:

"On payment of the further sum of $3,456 to be paid by the purchaser to the vendor on or before June 1, 1933, together with interest on any part thereof at any time unpaid at the rate of six per cent. per annum, while the purchaser is not in default, and at the rate of seven per cent. per annum if the purchaser is in default while such default continues, payable monthly in instalments of not less than $38.50 each including interest, payable August 15th next and a like sum or more including interest on the fifteenth day of each and every month thereafter until said purchase money and the interest thereon is fully paid."

The contract further provided that "the vendor herein reserves the right to place a mortgage on said premises, which mortgage at the time it is placed shall not exceed the unpaid balance on this contract." Thereafter and on or about July 1, 1927, plaintiff corporation mortgaged these premises, together with other lots in this subdivision, for the sum of $110,000 stipulating a release price for each of said lots and for the lot in question a release price of about $1,100.

In June, 1928, a notice of forfeiture was served upon defendant Arthur F. Neef. The first paragraph of the notice reads in part, "Hupp Farm Corporation elects to declare and does hereby declare said contract forfeited" and said notice then demands a surrender of the possession of the premises. But the last paragraph of the notice reads, "Amount due, $423.50, same to be paid on or before July 9, 1928."

Subsequent to the above notice and on or about July 9, 1928, payment was made on the contract in the sum of $231, $191.64 being credited on interest and paying interest to July 15, 1928, and $39.36 credited upon principal, leaving a balance on the contract of $3,155.06. The last payment made upon the contract was on November 12, 1932.

August 15, 1938, plaintiff corporation filed a bill of complaint praying for the foreclosure of the contract and for deficiency judgment against defendants. Defendants contend that after the notice of forfeiture was served, defendant Arthur F. Neef made no further payments; that payments subsequent to the notice were made by defendant Laura Neef; that a land contract may not be reinstated by payment made by one joint vendee solely in the latter's behalf; that payments by one joint vendee will not toll the statute of limitations as to the other joint vendee; that a blanket mortgage in violation of the express terms of the land contract justified vendee in rescinding the contract; and that failure of the vendor to make improvements should prevent specific performance of the contract.

The trial court found as a fact that the contract became in default on the part of the defendants in September, 1927; that there was no default upon the part of plaintiff in making improvements upon the street upon which the lot in question is located; that the last payment made upon the contract was Novem-

ber 12, 1932; and that the particular lot was released from the vendor's mortgage March 29, 1938, at a time prior to the institution of the present suit. We are in accord with the finding of facts made by the trial court.

It is urged by defendants that the land contract may not be reinstated by payment of one of the vendees. Decision upon this question depends upon the claim of plaintiff that the land contract was not forfeited by the notice served upon one of the defendants.

In *Miner* v. *Dickey*, 140 Mich. 518, this court held that default of the vendee did not by the terms of the contract work a forfeiture and notice of the election of the vendor to forfeit was required in order to terminate the contract relation.

In *Maday* v. *Roth*, 160 Mich. 289 (136 Am. St. Rep. 441), the notice to quit the premises read as follows:

"To deliver up possession of the described premises which you now hold of me as my tenants or pay to me the rent now due for said premises, for which you are justly indebted to me and which you have neglected to pay."

In deciding the effect of this notice we said:

"Mere default had not worked a forfeiture at the time the notice to quit was served. Nor did that notice in terms constitute a declaration of forfeiture. A declaration of forfeiture must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued. No such purpose is deducible from the notice given."

See, also, *Gyro, Inc.,* v. *Wesbrook Lane Realty Corp.,* 261 Mich. 118; *Detroit Trust Co.* v. *Lange,* 267 Mich. 69.

An examination of the notice of forfeiture mailed to defendant Arthur F. Neef discloses that the first

paragraph of the notice declares a forfeiture of the land contract, but the last paragraph notifies defendant that the delayed payments must be paid on or before July 9, 1928. Such a notice is not an unqualified declaration of forfeiture and does not meet the standard raised by the authorities cited. The question of waiver of notice of forfeiture is not involved.

Defendants also urge that the statute of limitations* has run against all or some portion of the obligations to pay contained in the land contract. In deciding this question we have in mind that there was no valid forfeiture of the contract and that the last payment made upon the same was November 12, 1932, and that the present suit was instituted August 15, 1938.

It is the claim of plaintiff that the statute of limitations did not begin to run on the obligations in the contract until June 1, 1933, the date when the whole unpaid balance on the contract was due and payable, or if the statute of limitations had commenced to run before that time, the payments made by Mrs. Neef interrupted the running of the statute.

Defendants rely upon *Curtiss* v. *Perry,* 126 Mich. 600, to sustain the principle that a joint vendee cannot be bound by the independent dealings of another joint vendee with the vendor. Decision in the above case rested upon the proposition that the payment made by the husband was made "without the knowledge or consent" of the wife, and, therefore, did not toll the statute of limitations as to her. In the case at bar the payments made after July 23, 1927, were made after a conference between Mr. and Mrs. Neef and their attorney and as found by the trial court

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1939 Cum. Supp. § 27.605).—REPORTER.

were made with the knowledge and consent of Mr. Neef. The above-cited case is not determinative of the facts involved in the case at bar.

In *Catlin* v. *Mills,* 140 Wash. 1 (247 Pac. 1013, 47 A. L. R. 545), it was said:

"The general rule is relied on that, where there are joint debtors on an obligation, a payment, after the statute has run, by one of the joint debtors binds him only and starts the statute anew as to him only. This rule has found its last statement by this court in *Farmers & Mechanics Bank* v. *San Poil Consolidated Co.,* 126 Wash. 137 (217 Pac. 707), where we said:

" 'So that, generally speaking, the rule in this State is that a payment made by one of two or more joint and several makers of a promissory note will start anew the running of the statute of limitations only as to the person making the payment. But circumstances may arise where, although payment was made by one co-maker, the intention was that it should be made for and its effects be binding upon the other makers. So that the rule adopted by this and many other States is that a payment made by one joint debtor shall effect the statute of limitations only as to him, unless such payment was "authorized or ratified" by the other maker.'

"But this rule, as is noted in this quotation, bears the qualification that, if the payment was 'authorized or ratified' by the other joint maker, the statute then begins to run anew as to both makers, where one has made the payment after the statute has run."

In our opinion, the knowledge and consent of Mr. Neef in having his wife make the payments prevents the statute from running and the decree of the lower court is affirmed, with costs to plaintiff.

Bushnell, C. J., and Potter, Chandler, North, McAllister, and Butzel, JJ., concurred. Wiest, J., concurred in the result.