CAMPBELL v. HOMER ORE CO.

1. MINES AND MINERALS—LEASES—UNCONDITIONAL FORFEITURE—SUFFICIENCY OF NOTICE.

Notice to lessee under mining lease that if certain defaults relative to removing underground ore without weighing by railroad company, mixing with other ores contrary to lease and improperly disposing of lean ore were continued for 60 days after service of notice, holder of an undivided interest of the fee would declare lease terminated conformed to provision of lease for unconditional right of termination on · 60 days' notice.

2. SAME—LEASES—FORFEITURE—IMPLIED COVENANTS.

No forfeiture of a mining lease may be maintained on violation of an implied covenant thereof.

3. SAME—WEIGHING OF ORE BY DISINTERESTED PARTY—FORFEITURE OF LEASE.

The weighing of iron ore by a disinterested party, as provided by mining lease, was a valuable right to the lessor and where

such right is expressly set forth in the lease, the lessor had a right to terminate the lease for violation thereof.

4. SAME—FORFEITURE—TIME EFFECTIVE.

The termination of a mining lease by the lessor, pursuant to provisions of the lease therefor, became effective upon the expiration of the time limited in the lease and notice given.

5. SAME—FORFEITURE OF LEASE—TENANCY IN COMMON. ·

Upon the termination of a mining lease by the holder of an undivided interest in the fee, where the lessee also owned an undivided interest in the fee, they became tenants in common.

6. SAME—TENANCY IN COMMON—ACCOUNTING.

Since iron ore in its natural situation is not capable of precise determination as to either quality or amount and because lean ore that is unsalable at one time may later be in demand, a tenant in common who takes possession is not vested with any superior right to choose what ore is most convenient and profitable to mine, remove and sell without accounting therefor.

7. SAME—TENANCY IN COMMON—ACCOUNTING AS TO ORE MINED—COST OF MINING.

A tenant in common who is also lessee under a mining lease is entitled to mine iron ore and to deduct the cost when required to account to a cotenant although such cost might not be deductible by a mere wilful trespasser without any right or claim of title.

8. SAME—TENANCY IN COMMON—FORFEITURE OF LEASE—CONSENT.

One tenant in common who holds the sole remaining lessor interest under a mining lease needs no one's consent to termi-' nate the lease for the lessee's default.

9. SAME—ACCOUNTING—STIPULATIONS—DAMAGES—INTEREST.

In action by holders of an undivided interest in the fee of a mining lease for cotenant's unauthorized mining, removal and sale of a quantity of ore where parties have stipulated the amount of ore mined, its value and cost of mining, judgment is ordered entered for plaintiffs for their damages with interest at 5 per cent. per annum from the date defendant received payment for plaintiffs' share of the ore mined until entry of judgment.

Appeal from Iron; Landers (Thomas J.), J., presiding. Submitted June 13, 1944. (Docket No. 4, Calendar No. 42,622.) Decided October 11, 1944.

Case by David H. Campbell and wife against Homer Ore Company for unauthorized removal of ore. Judgment for defendant. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

*Meredith P. Sawyer* and *Raymond Turner,* for plaintiffs.

*M. S. McDonough* and *Leigh C. Caswell* (*Prewitt Semmes* and *W. C. Scott,* of counsel), for defendant.

REID, J.   Plaintiffs sue for unauthorized mining, removal and sale of 52,000 tons of iron ore from a 60-acre tract in Iron county known as the Minckler mine, in which plaintiffs have an undivided 1/24 interest.

On January 15, 1913, Minckler, the owner of the tract, made a lease to Woodworth for a term of 50 years, with unconditional right of termination on 60-days' notice. The tract had not then been mined. Plaintiffs acquired their interest December 4, 1936, expressly subject to the lease.

Defendant acquired all of the lessee interest besides 1/6 of the fee, and thereafter made an agreement with all the other owners of interests in the title, except plaintiffs, extending the term to January, 1987, increasing the minimum royalty, doing away with weighing by the railroad company and providing for mixing the ore before weighing.

The original lease, among other things, provided:

"The iron ore removed from said lands shall be weighed by the railroad company transporting the same from said lands, which weights shall prima facie determine the quantity as between the parties hereto. Said party of the second part also agrees to furnish or cause to be furnished said Paul N. Minck-

ler on or before the 20th day of each calendar month, statements showing  *  *  *  weights.''

Lessor had a right to test and correct statement of weights.

Besides the unconditional termination clause hereinbefore referred to, the lease provided:

"It is further provided and the present lease is granted upon the express condition that if the said party of the second part shall fail to perform or observe any covenants, conditions or provisions of this lease on his part to be observed or performed and such nonobservance or nonperformance shall continue for the period of 60 days after written notice, specifying the particular default complained of, shall have been served upon the said party of the second part, then it shall be lawful, immediately thereafter and while 'such default continues, and without further or other notice, or demand, for the parties of the first part or those then having their estate in the premises, to enter into and upon said premises or any part thereof in the name of the whole, and repossess the same as of their first and former estates therein, and the second party, his personal representatives or assigns, wholly to exclude therefrom.''

Plaintiffs served written notice on defendant January 31, 1941, claiming a violation of the covenants, conditions and provisions of the lease by removing ore underground from the premises without weighing by the railroad company and mixing with other ores contrary to the lease, improperly disposing of lean ore, and reciting:

"If said defaults or any of them continue for a period of 60 days after service of this notice, the undersigned will declare said lease and agreement terminated and will immediately reenter upon said interest in said lands and repossess the same.''

Defendant claims this is a conditional notice and not an absolute forfeiture of the lease unless a sub-

sequent notice or assertion of forfeiture were made, citing *Maday* v. *Roth,* 160 Mich. 289 (136 Am. St. Rep. 441), and *Hupp Farm Corp.* v. *Neef,* 294 Mich. 160.

Defendant continued the method of weighing complained of from the service of notice to date of trial. No other or further notice is necessary under the express terms of the lease. The notice served conformed with the forfeiture clause. Plaintiff refused and, on April 20, 1941, returned the check for minimum royalty for the ensuing period. Defendant further claims that the method of weighing the ore was merely optional with the lessee and further, that the matter complained of did not constitute a violation of any express covenant in the lease, and correctly asserts that no forfeiture could be maintained on violation of an implied covenant, citing *DeGrasse* v. *Verona Mining Co.,* 185 Mich. 514, 537. However, in the instant case the lease itself expressly provided forfeiture not only for violation of a covenant but of any condition or provision of the lease. The method of weighing by a disinterested party expressly set forth in the lease was a valuable right to the lessor not to be ignored at the convenience or caprice of the lessee. Without this method, plaintiffs would need to employ an agent to check weights in order to obtain a disinterested statement of weights. Plaintiffs had a right to terminate the lease for this violation. The termination was effective April 1, 1941. Plaintiffs and defendant on that date became tenants in common.

In order to escape liability to plaintiffs for their proportionate share of the value of ore mined and sold by them, defendant ignores its denial of co-tenancy, and in effect claims that as long as 1/24 of the total ore not removed or not mined at all on April 1, 1941, is still left, it is not liable to plaintiffs, and cites *Fiquet* v. *Allison,* 12 Mich. 328, 331 (86 Am.

Dec. 54), as to sale of proportionate share of wheat which has been harvested and amount and quality precisely determined. The distinction lies in the fact that iron ore in its natural situation is not capable of precise determination as to either quality or amount. Lean ore unsalable in one period may later be in demand. The tenant in common who takes possession is not vested with any superior right to choose what ore is to him most convenient to mine, select what is more profitable and remove and sell without accounting. *Hennes* v. *Charles Hebard & Sons*, 169 Mich. 670, 675; *Cecil* v. *Clark,* 47 W. Va. 402 (35 S. E. 11, 81 Am. St. Rep. 802).

Defendant cites *Ward* v. *Carp River Iron Co.*, 47 Mich. 65, which was trover brought by assignee of creditor of a mining company, which creditor had obtained a judgment, levy and sale of the mine but the *time for redemption had not expired* when suit was brought alleging that defendant bought wrongfully converted ore taken from the mine. In his opinion in that case Mr. Justice COOLEY says, at page 69:

"The debtor's rights are certainly not less than those of a tenant for years in any particular. He may not open new mines, but the old mines he may continue to work in the customary and *reasonable* way * * * He (plaintiff) has not therefore brought his case within the statute." (Italics supplied.)

That case did not involve rights of tenants in common. The questions were raised on demurrer and there was no claim in the declaration that the interest of plaintiff suffered by the mining done. The action was brought under a statute and the allegations failed to bring the case within the statute. See, also, *Silver King Coalition Mines Com-*

*pany of Nevada* v. *Silver King Consolidated Mining Company of Utah,* 122 C. C. A. 402 (204 Fed. 166, Ann. Cas. 1918 B, 571).

Defendant is liable in this action to plaintiff for 1/24 of the value of the ore taken without agreement.

Defendant denies plaintiffs' claim that the basis for allowance is 1/24 of the gross sum received for the ore without deducting the cost of mining. Defendant as a tenant in common was entitled to mine the ore and to deduct the cost though such cost might not be deductible to a mere wilful trespasser without any right or claim of title. *Grant* v. *Fletcher,* 283 Fed. 243.

A further contention was that one tenant in common cannot forfeit a lease. Suffice it to say that after all the other interested parties signed the amended lease, the plaintiffs, who therefore are the sole remaining lessors under the original lease, need no one's consent to terminate it for lessee's default.

The parties agreed that the total amount of ore mined from April 1, 1941, to commencement of suit was 63,166 tons. The value of the ore was $2.67 per ton, cost of mining $1.67 per ton, and value of plaintiffs' interest $.041 2/3 per ton. On this basis plaintiffs are entitled to a judgment for damages in the amount of $2,631.91, with interest at 5 per cent. per annum computed from the date defendant received payment for plaintiffs' share of the ore to the date of entering a judgment. The circuit judge, who heard this case without a jury, entered judgment in favor of the defendant with costs to be taxed. That judgment is vacated and the case remanded to the circuit court with direction to enter judgment in favor of plaintiffs in accord with our

determination herein.   Plaintiff will have costs of both courts.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred with REID, J. WIEST, J., concurred in the result.