CAMPBELL v CAMPBELL

Docket No. 48025. Submitted October 7, 1980, at Lansing.—Decided December 15, 1980.

Plaintiff, Kerttu S. Campbell, was awarded judgment in Jackson Circuit Court, Russell E. Noble, J., quieting title in her to certain real property. Defendants, Robert H. Campbell, plaintiff's former husband, and Maritena Campbell, plaintiff's former mother-in-law, appeal from that judgment. The property was purchased from A. J. and Maritena Campbell by plaintiff and defendant Robert while they were married. A. J. Campbell and defendant Maritena took a purchase money mortgage to secure the payment of the loan. A. J. Campbell died thereafter. In a subsequent divorce proceeding, plaintiff was granted the property in question subject to an option to purchase granted to Robert. The issues raised on appeal are (1) whether a $5 payment made by Robert to Maritena to be applied toward the interest on the purchase money mortgage, made without the knowledge or consent of plaintiff, served to prevent the expiration of the statute of limitations for foreclosure of the mortgage, there having been no other payments made, and (2) whether tender by Robert of $13,938.19 satisfied the conditions for exercise of the option to purchase contained in the divorce judgment. *Held:*

1. Payment by one joint obligor without the knowledge or consent of a second joint obligor will not prevent the running of the statute of limitations as to the unknowing or unconsenting joint obligor.

2. The tender by defendant Robert Campbell of $13,938.19 was insufficient and not in accord with the terms of the option to purchase. The price stated in the divorce judgment for exercise of the option was $18,000, less any amount due on any lien attaching to the property by way of mortgage. Plaintiff, by virtue of expiration of the statute of limitations, was no longer obligated to pay the amount of the mortgage loan and defen-

REFERENCE FOR POINTS IN HEADNOTE
[1] 55 Am Jur 2d, Mortgages §§ 409, 609.

dant Robert was not entitled to deduct that amount from the option price of $18,000.

Affirmed.

LIMITATION OF ACTIONS — MORTGAGES — PAYMENT — JOINT OBLIGOR — STATUTES.

Payment by one joint obligor under a mortgage does not prevent the running of the statute of limitations on the obligation as to a second joint obligor who has no knowledge of, or who has not consented to, the payment (MCL 600.5825; MSA 27A.5825).

*Dunnings & Canady, P.C.,* for plaintiff.

*Johnson & Johnson,* for defendants on appeal.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

BEASLEY, J. Defendants appeal as of right from judgments awarded plaintiff quieting title in her to real property consisting of 30 acres in Sandstone Township, Jackson County, Michigan.

In 1956, plaintiff, Kerttu S. Campbell, and defendant, Robert H. Campbell, then husband and wife, purchased the subject real property, giving a purchase money mortgage in the sum of $2,600 to his parents, A. J. Campbell and defendant, Maritena Campbell. The mortgage bore interest at the rate of five percent per annum and was payable in annual payments of $250 or more.

On January 17, 1968, plaintiff started a divorce case against defendant, Robert, which culminated in a divorce judgment on January 28, 1972.

No payments were made on the mortgage until February 13, 1968, when defendant Robert asserts he paid his mother, defendant Maritena, $5 toward the interest on the obligation, which payment was for the purpose of stopping the statute of limita-

tions from expiring.[1] It is not disputed that plaintiff did not know of this $5 payment until after June 24, 1976, when she started the within proceedings. Defendant Robert also claimed to have paid $55 to defendant Maritena on October 31, 1972, to apply on the principal.

The divorce judgment afforded defendant Robert an option to purchase the subject real property for $18,000, less "any amount due and any lien attaching to the property by way of mortgage". Defendant appealed the divorce judgment on other grounds, and this Court extended the time within which defendant Robert could exercise the option to purchase the subject real property. Within the extended period of time, defendant Robert tendered to plaintiff the sum of $13,938.19, that being the sum alleged by defendant Robert to be necessary to exercise the option under the divorce judgment.

The net figure used by defendant Robert in tendering payment under the option was arrived at by taking the $18,000 figure provided in the divorce judgment and deducting the mortgage debt allegedly due defendant Maritena, with appropriate interest computations applicable.[2] Plaintiff rejected the tender as being in an insufficient amount.

In connection with the amount necessary to exercise the option, the major item of difference between the parties was whether or not to deduct the amount of the mortgage from the amount that defendant Robert was required to pay to exercise the option. Subsequently, on June 18, 1976, plaintiff commenced this action under MCL 600.2932;

[1] By 1968, A. J. Campbell was deceased.

[2] Appellants' computations regarding interest were refined in a letter dated May 20, 1974, the details of which are unnecessary to determination here.

MSA 27A.2932, to quiet title to the subject real property and to obtain an adjudication that the mortgage was null and void as to her.

On October 26, 1977, the trial court filed an opinion, finding that defendant Robert had not made a proper, valid tender under the terms of the divorce judgment and, thus, granting summary judgment to plaintiff against defendant Robert. The trial court held that in order for the tender to be valid the entire net amount owed must be tendered and that this was not done.

On September 17, 1979, the trial court filed a further written opinion, granting plaintiff's motion for summary judgment against defendant Maritena, saying that the $5 payment by defendant Robert to defendant Maritena did not stop the statute of limitations from continuing to run on the possible claim against plaintiff, and that, therefore, plaintiff's obligation to defendant Maritena under the mortgage was discharged by expiration of the statute of limitations, and the mortgage was null and void as to plaintiff.

On appeal, defendants raise two issues.

First, defendants assert that the $5 payment on the mortgage by defendant Robert to defendant Maritena in 1968 stopped the statute of limitations from running with respect to defendant Maritena's right to foreclose the mortgage against plaintiff. Defendants contend that the sole purpose of the joint obligor statute[3] was to prevent payment by one of two or more joint obligors *reviving* the statute of limitations as to other joint obligors who did not acquiesce in such payment. Defendants say that if defendant Robert's $5 interest payment had been made *after* expiration of the statute of limitations, then the joint obligor statute would prevent

---

[3] MCL 600.5825; MSA 27A.5825.

the payment by defendant Robert from having the effect of reviving the statute of limitations, *i.e.,* reviving defendant Maritena's right to foreclose her mortgage against plaintiff.

We disagree. Section 5803,[4] which provides the 15-year statute of limitations for foreclosure of mortgages, and § 5825,[5] which is the joint obligor statute, are both in Chapter 58 entitled "Limitation of Actions of the Revised Judicature Act". Therefore, the joint obligor statute is applicable in the present case under subsection 5825(3), which provides:

"If there are 2 or more joint obligors, or joint executors or joint administrators of any obligor, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable merely because of any payment made by any of the others."

The predecessor statutes of §§ 5803 and 5825 have been interpreted in situations not unlike the one faced here.

In *Curtiss v Perry,*[6] plaintiff sought to foreclose an 1876 mortgage against the defendants who were husband and wife. Although the mortgage originally covered three small parcels of land owned by defendant husband and an 80-acre piece owned by defendant wife, at the time of foreclosure, only the 80-acre parcel owned by the wife had not been released from the mortgage. The mortgage became due three years after its date. Defendants claimed that the mortgage was paid, or that if not paid in full, it was barred by the statute of limitations. It was conceded that the mortgage was barred by the statute of limitations unless a

---

[4] MCL 600.5803; MSA 27A.5803.

[5] MCL 600.5825; MSA 27A.5825.

[6] 126 Mich 600; 85 NW 1131 (1901).

certain endorsement on the mortgage indicating a payment of $5 by the husband in 1889, 13 years after the 1876 mortgage, served to stop running of the statute.

The Court said that one joint contractor cannot, by an individual payment, bind another joint contractor so as to prevent the statute of limitations from running in his favor. A joint maker of a note does not lose the benefit of the statute of limitations by payments made by another joint maker. The fact that the payer was the husband does not change the situation. There was nothing in the record to show that the payment was made by or with the knowledge or consent of the wife. Consequently, the Supreme Court affirmed a decree that dismissed plaintiffs' complaint.

In *Brown v Hayes,*[7] the plaintiff sought to foreclose an 1879 mortgage against the defendants who were husband and wife. A statute of limitations defense was available to defendants unless a payment was made and that fact endorsed on the mortgage. The trial court found that an endorsed 1894 payment had been made by defendant husband, but without sufficient evidence to show that it was made by authority of defendant wife. The trial court then, relying on *Curtiss, supra,* held that the payment did not stop the running and expiring of the statute of limitations against defendant wife.

The Supreme Court reversed, saying:

"It should be said that the circuit judge was in no way in fault in construing the case of *Curtiss v Perry* as he did. An examination of the record and briefs in that case shows that both parties assumed that section 9745, 3 Comp Laws, was a general provision limiting the effect of the payment by one of two joint debtors, as it

[7] 146 Mich 474; 109 NW 845 (1906).

should affect the running of the statute of limitations in all cases. The court appears to have adopted this concession. Section 9745 is, however, limited in its terms to cases arising under chapter 268. * * * [A]nd it was held that, as to a case not covered by that chapter, the rules of the common law would prevail.

"At the common law, according to the weight of authority, a payment by one jointly bound was, unless the statute established a contrary rule, sufficient to prevent the running of the statute. * * *

"As this statute contains no provision restricting the effect of a payment by one of two joint debtors or by the principal debtor, the rule in *Whitcomb v Whiting* [2 Dougl KB 652; 99 Eng Rep 413 (1781)] must be applied, and foreclosure decreed."[8]

The Court's decision in *Brown, supra,* was based on the fact that the statute of limitations for mortgage foreclosures was not included under the coverage of the joint contractor statute, the predecessor of the joint obligor statute. It should be noted that at the time of the decision in *Brown,* the statute of limitations for mortgage foreclosures was found in Chapter 267, titled "Limitation of Real Actions", while the joint contractor statute was found in Chapter 268, titled "Limitation of Personal Actions".[9] These statutes are now both in the same chapter.

*Guardian Depositors Corp v Wagner*[10] involved the question of whether payment by a grantee of mortgagors tolled the statute of limitations on the mortgage as against the mortgagors. The joint contractor statute was found to be inapplicable as the defendant mortgagors were not joint contractors with their grantee. In *Wagner,* the Supreme Court undertook to reconcile the statute of limita-

---

[8] *Brown, supra,* 475-476.

[9] 1897 CL, Title XVI.

[10] 287 Mich 202, 208-209; 283 NW 29 (1938).

tions respecting contracts and mortgage foreclosures. The Supreme Court said:

"Under the settled law of this State, the mortgage and the note are to be construed together. * * *

"The trial court relied upon 3 Comp Laws 1929, § 13989 (Stat Ann § 27.618), which provides that if there are two or more joint contractors, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable by reason only of any payment made by any other or others of them. It is settled in this State that in all matters not covered by this chapter the common law prevails. * * * This statute has no application.

"It is immaterial that the remedy at law upon a note which accompanied the mortgage was barred. That would not affect the validity of the mortgage or the remedy upon it, * * * which remedy may be enforced although action on the debt secured or the evidence thereof is barred. * * * When suit is brought on a mortgage note, such suit is governed by the applicable statute of limitations. Though the statute of limitations may have run against a mortgage note, that does not affect the validity of the mortgage lien given to secure the payment of the same, which mortgage lien may be foreclosed at any time within 15 years after the last payment."

In *Hupp Farm Corp v Neef*,[11] plaintiff sought specific performance of a land contract or, in the alternative, foreclosure and deficiency judgment against the defendants, who were husband and wife. Defendants appealed from a money judgment in favor of plaintiff. The trial court found that payments made by defendant wife were made with the knowledge and consent of defendant husband. The Supreme Court affirmed, holding that the knowledge and consent of defendant husband in having his wife make the payments prevented the

[11] 294 Mich 160; 292 NW 689 (1940). See, 74 ALR2d 1303.

statute of limitations from running. *Hupp* cites *Curtiss, supra,* and appears to hold that if defendant husband had *not* known and consented to the payments made on the land contract by defendant wife, the the statute of limitations would have run and prevented plaintiff's claim against him.

In the within case, it is altogether clear that plaintiff was a joint obligor with defendant Robert and that she neither had knowledge nor did she give consent to the $5 payment made by him. The fact that plaintiff and defendant Robert were involved in contested divorce litigation is further indication that she had nothing to do with the payment to defendant Maritena.

Consistent with these authorities, we hold that the payment by defendant Robert to defendant Maritena did not stop the running of the statute of limitations with respect to plaintiff. Where a joint obligor makes a payment without the consent or knowledge of the other joint obligor, the statute of limitations is not tolled.

On this record, the right of defendant Maritena to foreclose the mortgage against plaintiff was lost upon the passage of a period of 15 years. The trial court's judgment of October 10, 1979, holding the mortgage null and void, is affirmed.

Second, defendant Robert claims that he validly exercised the option awarded to him in the divorce judgment to purchase the subject Sandstone real property. The language of the divorce judgment is:

"As to the Sandstone Township Property above described, it is further Ordered and Adjudged that the defendant shall have the right, within sixty (60) days from the date of this judgment, to pay to the plaintiff the sum of Eighteen Thousand and 00/100 ($18,000) Dollars, less any amount due on any lien attaching to

the property by way of mortgage, and he, defendant, may retain the title or have the title transferred to him."

Defendant Robert tendered to plaintiff $13,938.19. Defendant Robert calculated that he was entitled to deduct from the $18,000 the following:

| | | |
|---|---|---|
| (1) | The amount of the mortgage | $ 2,600.00 |
| (2) | Interest to May 20, 1974, the date of tender | 2,267.71 |
| (3) | 1968 taxes paid by defendant Robert to avoid tax sale | 201.78 |
| | TOTAL: | $5,069.49 |

From this net figure of $5,069.49, defendant Robert gave credit for the $5 paid in 1969 and for the $55 paid on October 31, 1972, leaving a net balance of $5,009.49. He then added interest at the rate of six percent per annum from March 2, 1973, to May 20, 1974, or a total of $947.68, to arrive at the net amount of $13,938.19 which he tendered to plaintiff.

Plaintiff claims that, if the judgment holding the mortgage to be null and void is sustained, defendant Robert is not entitled to deduct the balance on the mortgage plus interest from the $18,000 established in the divorce judgment. We agree with this analysis. Since, by virtue of expiration of the statute of limitations, plaintiff is no longer obligated to pay defendant Maritena the amount of the mortgage loan, there is *not* "any amount due on any lien attaching to the property by way of mortgage". Defendant Robert's tender is lacking in that he was not entitled to deduct the amount

of the mortgage. The tender by defendant Robert was insufficient and not in accord with its terms.[12]

In view of this holding, it is unnecessary to consider the other issues raised by defendant Robert. We affirm the summary judgment awarded by the trial court on December 16, 1977.

Affirmed, with costs.

[12] *LeBaron Homes, Inc v Pontiac Housing Fund, Inc,* 319 Mich 310; 29 NW2d 704 (1947), *Bergman v Dykhouse,* 316 Mich 315; 25 NW2d 210 (1946).